# CITY OF EAST ST. LOUIS

*v.*

# PHILIP H. WEHRUNG.

1. LICENSE—*not a tax, and may not be uniform.* A license required by an ordinance of a municipal corporation, of all persons selling intoxicating liquors within the corporate limits, is not a tax in the constitutional sense of that term, compelling uniformity in that regard, but may be differential in its character, based upon the advantages of locality; but the ordinance must not discriminate as between persons having equal facilities for profit.

2. SAME—*tender in payment of.* A tender of the certificates of the police commissioners, whose office is created by law, and which provides that their certificates of indebtedness shall be receivable in payment of all city taxes, in payment of license, is not a sufficient tender, a license not being a tax.

Appeal from the Circuit Court of the County of St. Clair; Hon. Joseph Gillespie, Judge, presiding.

Mr. William H. Underwood, for the appellant.

Mr. Gustavus Koerner, for the appellee.

Mr. Justice Lawrence delivered the opinion of the Court:

This was a prosecution for keeping a dram shop, and selling intoxicating liquors without a license.    It is urged for the defendant that the ordinance is void, because the constitution requires taxes imposed by municipal corporations to be uniform in respect to persons and property within their jurisdiction, and the ordinance in question imposes a differential license, according to the street on which the dram shop is located.    But the sufficient answer to this position is, that, as settled by a former decision of this court, a license is not a tax, in the constitutional sense of that term:    *The People* v. *Thurber*, 13 Ill. 554.    The second section of the 9th article of the constitution, after providing for uniformity of taxation, proceeds, in the disjunctive form, as follows: " but the general assembly shall have power to tax peddlars, auctioneers, brokers, bankers, merchants, commission merchants, showmen, jugglers, inn keepers, grocery keepers, toll-bridges and ferries, and persons using and exercising franchises and privileges, in such manner as they shall, from time to time, direct."    This power the legislature can delegate to municipal authorities.    If the latter were to attempt to use the discretion thus confided to them, in the way of favoritism between individuals, imposing a higher license on one person than on another exercising the same calling, under the same circumstances, and with equal facilities for profit, it might be urged with great force, that such action was an abuse of their discretion, and could not be sustained. We have accordingly held, at this term, in a suit between these

50—46th Ill.

same parties, that the discretion to fix the amount of the license in each case as it arises, can not be confided to the city treasurer.    There must be a general rule.

. But an ordinance which merely discriminates between different localities in a city, according to the advantages they may present for the business for which license is sought, leaving all persons at equal liberty to apply for license in whatever locality they think proper, and making no distinction between persons, but between places only, is open to no objection. Such an ordinance would be founded on the self-evident fact that a business may be conducted with much more profit in some streets of a town than in others, and the privilege, therefore, more valuable.

It is also urged that the defendant tendered the requisite amount for the license, in certificates of the police commissioners, and that the law creating these officers, provides that their certificates of indebtedness shall be receivable in payment of all city taxes.    What we have already said, answers this objection.    The license was not a tax, and the law in question does not apply to its payment.

The judgment of the Circuit Court must be reversed and the cause remanded.

*Judgment reversed.*