## THE CITY OF EAST ST. LOUIS

### *v.*

## THE TRUSTEES OF SCHOOLS.

*Filed at Mt. Vernon January 18, 1882—Rehearing denied May Term, 1882.*

1. TAXATION—*license money for dram-shops is not a tax.* The money received by a city for dram-shop licenses is not a tax, and the fund thus derived is not required by any constitutional provision to be applied solely to municipal purposes. It is a burden imposed for the right of exercising a privilege which the legislature has the right to withhold or inhibit altogether.

2. CONSTITUTIONAL LAW—*devoting license money to school fund.* A section in a city charter providing that one-half of all the money received into the city treasury from dram-shop licenses collected shall be paid over at

least quarterly to the treasurer of a school township, by him to be apportioned to the several schools taught in said city, in the same mode and manner as interest on the township school fund is required to be distributed, is not in violation of any constitutional provision. The legislature may dispose of such a fund for any public use it may choose.

WRIT OF ERROR to the City Court of East St. Louis; the Hon. CHARLES T. WARE, Judge, presiding.

Mr. M. MILLARD, for the plaintiff in error.

Mr. C. F. NOETLING, and Mr. R. A. HALBERT, for the defendants in error.

Mr. L. H. HITE, also for the defendants in error.

Mr. JUSTICE DICKEY delivered the opinion of the Court:

The city of East St. Louis embraces within its limits a part of town 2 north, in range 10 west, in St. Clair county, but does not embrace all of the territory in that township; and the city also embraces a part of town 2 north, in range 9 west, but does not embrace all of that township. The schools in both of these townships are all located within the city limits. The charter of the city, passed in 1869, gives it power, among other things, "to *license, tax, regulate, prohibit* and *suppress* dram-shops." By another section it is provided that "one-half of all the money received into the city treasury from dram-shop *licenses* collected, shall be paid over, at least quarterly, to the treasurer of the school township No. 2 north, range 10 west, in St. Clair county, Illinois, by him to be apportioned to the several schools *taught in said city*, under the general school laws of this State, in the same mode and manner as interest on township school fund is now required to be apportioned and credited to the respective school districts," and "liable to the order of the respective boards of school directors as other funds for the support of said schools of said city, respectively."

This is an action brought in the City Court of East St. Louis, by the treasurer of township No. 2 north, range 10 west, to recover one-half of certain moneys which it is conceded "were received into the city treasury from dram-shop licenses collected." Judgment was there rendered for the amount so received. To reverse this judgment the city brings the record here for review, upon a writ of error.

Counsel for the city, to reverse this judgment, insists:

*First*—All taxes or revenues must be expended for the equal benefit of all who contribute in paying them, otherwise there would be inequality in taxation.

*Second*—A tax or revenue collected under one corporate authority can not be applied in paying the debts and expenses of another, because all revenues must be raised for a corporate purpose, and that is not a corporate purpose.

*Third*—The legislature has no power to impose a corporate tax, or, what is the same thing, divert a corporate tax, even for a corporate purpose.

Without questioning or in any way passing upon the accuracy of the propositions thus presented, it is sufficient to say that they have no application to the case presented by this record. This is not a tax, in the sense in which that term is used in our constitution and statutes. In *Craw* v. *Tolono*, 96 Ill. 261, it was said: "Taxation is imposed upon the citizen, or resident of the State, or municipal corporation, or person doing business within the jurisdiction thereof, to compel him to contribute to the maintenance of the government by which his life, liberty, property or business is protected, in common with that of other citizens, residents, or persons doing business. Taxation is subject to certain regulations of our constitution as to equality and uniformity. Where a municipal corporation has power to prohibit the doing of a thing, and also the power to license the same thing to be done, the license fee demanded by ordinance for the doing of such thing is not a tax, but is a price paid for the privilege

of doing such thing." So it was held in *The People* v. *Thurber*, 13 Ill. 554; *Insurance Co.* v. *Peoria*, 29 id. 180; *East St. Louis* v. *Wehrung*, 46 id. 392; *Ducat* v. *Chicago*, 48 id. 172; *Walker* v. *Springfield*, 94 id. 372. In *The People* v. *Thurber*, it is said of a like exaction: "This is not a tax, * * * but is a burden * * * for the right of exercising a * * * privilege which the legislature would have the right to withhold or inhibit altogether." This language is quoted with approbation in *Walker* v. *Springfield*, *supra*, decided in 1880. In *Chelvers* v. *The People*, 11 Mich. 43, it is said of a license fee: "It is not a tax," in the sense in which that word is used in the constitution of that State, and it is added: "It is a price paid for a franchise * * * vested in an individual."

The State has expressly clothed the city of East St. Louis with power "to license, * * * prohibit or suppress dramshops," and by implication, from other words of the charter, has authorized the city to receive money into the city treasury derived "from dram-shop licenses." Such a fund is not required, by any known constitutional requirement, to be applied solely to municipal purposes. The General Assembly had the power to dispose of such a fund for any public use. It might be required to be paid into the State treasury, the county treasury, or applied to the use of schools in any district or place where the General Assembly might think proper to place it.

We find no sufficient ground on which to assail the validity of the statute. The judgment is therefore affirmed.

*Judgment affirmed.*