No. 10,279.

CITY OF NEW ORLEANS VS. PONTCHARTRAIN RAILROAD COMPANY AND SPANISH FORT RAILROAD COMPANY.

1. Article 217 of the Constitution has no reference to domestic corporations.
2. License taxes must be graduated, and, therefore, need not be equal and uniform.

3. Where the license tax levied by the city does not exceed that levied on the same occupations in the city by the State, it is valid, even if the State should have invalidated her own license tax by illegal discrimination between persons pursuing the same business in different subdivisions of the State. Such objection must be urged against the State's tax and contradictorily with her.

4. The penalty of 2 per cent per month imposed by the city, on delinquent licenses, being the same as that imposed by the State, is legal.

APPEAL from the Civil District Court, Parish of Orleans.
*King*, J.

---

*W. B. Sommerville*, Assistant City Attorney, for Plaintiff and Appellee:

1. The summary proceeding by rule for the collection of licenses is legal. Act 101, 1886, section 17, page 184; Act 119 of 1882; State vs. Chapman & Generally, 35 Ann. 76.

2. Ordinance No. 2661, C. S., does not violate Article 217 of the Constitution, in not being graduated and equal and uniform as to all corporations transacting the same kind of business.

3. Ordinance No. 2035, C. S., may be good in part and bad in part. Such portion of section 8 in said ordinance which is clearly *ultra vires* is as if it were not written. It is not necessary for a proper understanding of the ordinance, and cannot invalidate the whole. It can have no effect in any way.

4. Section 8 of Act 101 of 1886 is in conformity with Article 206 of the Constitution. It divides the places where railroads are operated according to population, and then grades the license taxes, based upon the gross receipts of such companies. State vs. O'Hara, 36 Ann. 96; State vs. Schonhansen, 37 Ann. 42; City of New Orleans vs. New Orleans, City and Lake Railroad Company, 40 Ann. 587.

5. Although the State license act may be adjudged to be invalid such judgment will not have the effect of setting aside and annulling a city ordinance which does not embrace or contain the objectionable features of the act of the State Legislature, simply because the Constitution provides that "no political corporation shall impose a greater license tax than is imposed by the General Assembly for State purposes."

6. The charter of the City of New Orleans provides that the Mayor may sign an ordinance which he approves at any time, with these two limitations:

(a) If the council be in session the Mayor must sign the ordinance submitted for his consideration within five days.

(b) If the council be not in session he may sign the ordinance submitted at any time prior to the next session of the council, provided this next session be held after five days given him in which to consider the said ordinance.

---

*Harry H. Hall* and *Bayne, Denègre & Bayne* for Defendants and Appellants:

1. Under section 9 of Act 48 of 1871, amending the city charter of 1870, the city can exact only 10 per centum per annum on delinquent licenses.

2. The above act is still in force, and so this court has held in several tax cases. Besides, the present city charter, Act 19 of 1882, only repeals former laws, inasmuch as they are in conflict with that act.

3. Under articles 203 and 207 of the Constitution of 1879 license taxes must be graduated and they must be uniform.

City vs. Railroad Companies.

4. The Legislature, under the above articles of the Constitution of 1879, can graduate and divide into classes, but cannot distinguish as between persons in the same class; all in the same class must be treated uniformly.
5. If there be no valid State law laying a licensed tax upon the defendant corporations, the City of New Orleans is powerless to license tax them. Constitution, Act 206; City of New Orleans vs. Graves, 34 Ann. 840.

The opinion of the Court was delivered by

FENNER, J. This suit involves a contestation as the constitutionality and legality of the license taxes levied on the defendants by the City of New Orleans under her ordinances Nos. 2035 of 1887 and 2661 of 1888.

The answer of defendants sets up various grounds of illegality and unconstitutionality, but all have been abandoned in this court except the following:

1. It is charged that the license taxes claimed are not graduated and are not equal and uniform as to all corporations transacting the same kind of business, being thereby violative of Article 217 of the Constitution.

A reference to Article 217 will show that it applies exclusively to foreign corporations, and not to domestic ones such as the defendants.

The other objections to the mode of graduation and want of equality and uniformity are met and silenced by our recent decisions on these questions. State and City vs. Traders' Bank, 41 Ann.; State vs. Ins. Co., 40 Ann. 464; State vs. Marrero, 38 Ann. 397; State vs. Schonhausen, 37 Ann. 42; State vs. O'Hara, 36 Ann. 94; State vs. Chapman, 35 Ann. 76.

2. The next objection is that the license taxes imposed by the city are invalid because there was no valid State law levying licenses on such corporations.

Article 206 of the Constitution provides that "No political corporation shall impose a greater license tax than is imposed by the General Assembly for State purposes."

This provision has been construed to mean that when the State levies no license on a particular business, the city can exact none.

It is not denied that the General Assembly has levied a license on the occupation of defendants and that the city exacts no greater sum for its own license.

But it is said that the provision of the State license law on this subject is invalid because it has made an unconstitutional discrimination between persons pursuing the same occupation in cities having population exceeding 50,000, and in those having a less population.

If there be any merit in such an objection to the validity of the license imposed by the State, it must be urged when the State seeks to enforce her license and contradictorily with her. It is very clear that it has no application to the license imposed by the city, which makes no such discrimination and which has not levied a greater license than that imposed by the General Assembly on these defendants.

3. The final objection is that the ordinance of 1838 allows a penalty 2 per cent per month on delinquent licenses.

We have quite recently affirmed the validity of this penalty. City vs. Fireman's Ins. Co., 41 Ann.

But the defendants claim that they have discovered a statute prohibiting such a charge, which has escaped our attention. They refer to section 9 of Act 48 of 1871, amending section 21 of the city charter of 1870. But a reference to the two laws shows that the amendment embraces taxes only, and not licenses; that it limits penalties on delinquent taxes to 10 per cent per annum, but leaves those on delinquent licenses untouched.

The State imposes the penalty of 2 per cent per month on her delinquent licenses, and the city simply adopts the same, conforming therein to the authority vested in her by Act 119 of 1882, which vests the political corporations with all the means of enforcing their taxes which are provided in State laws, amongst which are included the right to exact the same penalties for delinquency.

Judgment affirmed.