[Civil No. 2416.   Filed October 28, 1926.]

[250 Pac. 361.]

CLAUDE S. BERRYMAN, as Clerk of the Superior Court of Maricopa County, State of Arizona, Appellant, v. J. D. BOWERS, as Administrator With the Will Annexed of the Estate of JENNIE M. CROW, Deceased, Appellee.

Mr. Arthur T. La Prade, County Attorney, and Mr. Gene S. Cunningham, Deputy County Attorney, for Appellant.

Messrs. Hayes, Stanford, Laney & Allee, for Appellee.

ROSS, J.—The plaintiff, Bowers, is the administrator of the estate of Jennie M. Crow, deceased, and the defendant, Berryman, is the clerk of the superior court of Maricopa county.

When the plaintiff filed his petition for letters of administration, he paid the clerk the sum of ten dollars as a filing fee. Later, the plaintiff prepared an inventory and appraisement of the estate of the decedent showing a total valuation of $5,616.02. The clerk refused to file such inventory and appraisement unless plaintiff paid him ten dollars more, claiming that the law (paragraph 3184, Civil Code) made it his duty to collect such additional sum, the appraisement being more than three thousand dollars and less than ten thousand dollars.

The plaintiff then brought this suit in *mandamus* to compel the defendant to file the inventory and appraisement, contending that one filing fee of ten dollars was all that could be lawfully demanded of him by the clerk for the performing of his official duties in connection with said probate proceeding. Upon a hearing, the writ of *mandamus* was issued directing the clerk to receive and file the inventory and appraisement without the payment of an additional fee of ten dollars.

The defendant has appealed. In his brief, he makes no assignment of error and only suggests that if the statute authorizing the clerk to collect sums in addition to the regular filing fee on estates of deceased persons is unconstitutional, as contended by plaintiff, it is incumbent on plaintiff to show that fact beyond a reasonable doubt.

The question involved is one of considerable public interest and should be decided so that not only the clerks of the superior courts of the state may know what they may legally collect, but that executors, administrators and guardians may know what may be legally demanded of them in the way of fees in probate proceedings. If the question were not of public interest, we should feel unobliged to review it in the absence of assignments of error.

The plaintiff contends that the statute, under which the clerk exacts payments in addition to the regular filing fee, is unconstitutional and void, in that it violates section 1, article 9, of the Constitution, providing for uniformity of taxation, and of section 13, part 2, article 4 thereof, providing that:

"Every act shall embrace but one subject and matters properly connected therewith, which subject shall be expressed in the title. . . . "

The statute provides generally that a person making application for appointment as executor, administrator, or guardian shall pay, on the filing of petition therefor, ten dollars to the clerk, and if the estate is appraised for less than three thousand dollars such sum shall be in full of all fees, but if appraised for more than three thousand dollars and less than ten thousand dollars, ten dollars additional shall be paid and so on, the amount to be collected to be graded according to the valuation of the estate. In another part of the statute it is provided that the clerk shall, at the end of each calendar month, pay all sums collected by him to the county treasurer. Paragraph 3193, Civil Code.

Statutes of similar import but somewhat differently worded have been before the highest courts of the following states: North Dakota, Washington, California, Minnesota, Illinois, Montana and Wisconsin, and in all have been declared unconstitutional. *Malin* v. *Lamoure County,* 27 N. D. 140, Ann. Cas. 1916C 207, 50 L. R. A. (N. S.) 997, 145 N. W. 582; *State* v. *Case,* 39 Wash. 177, 109 Am. St. Rep. 874, 1 L. R. A. (N. S.) 152, 81 Pac. 554; *Fatjo* v. *Pfister,* 117 Cal. 83, 48 Pac. 1012; *State* v. *Gorman,* 40 Minn. 232, 2 L. R. A. 701, 41 N. W. 948; *Cook County* v. *Fairbank,* 222 Ill. 578, 78 N. E. 895; *Hauser* v. *Miller,* 37 Mont. 22, 94 Pac. 197; *State* v. *Mann,* 76 Wis. 469, 45 N. W. 526, 46 N. W. 51.

The most recent case holding such a statute unconstitutional is *Malin* v. *Lamoure County, supra.* The opinion in that case was written by Mr. Justice Bruce and in it he has compressed in short space, in very plain and cogent language, the principal reasons why such statutes ought not to be upheld and why they are violative of the uniformity rule of taxation. He says:

"The conclusion of these authorities, indeed, is that the charges, being arbitrary, and not in any manner proportionate to the work done, are taxes and not fees. As taxes, they are held to be taxes upon the property, rather than taxes upon a privilege, and therefore void because not imposed by uniform rule, according to the true value in money.

"If the charges could be looked upon in the nature of inheritance taxes, they could perhaps be sustained, but they are not inheritance taxes, as an inheritance tax is a tax upon the privilege of succeeding to or inheriting property and is paid not out of the estate as a whole, but out of that part of it which is inherited. This is not the case with the present charge. It is an *ad valorem* charge levied upon the estate, whether solvent or insolvent, and is imposed not merely upon the estates of decedents, but upon the estates of minors and incompetents under guardianship."

The holding of the above cases is that a probate or administration fee not based on the value of the services rendered, but on the value of the estate administered, is invalid as a tax on property because it violates the constitutional requirement of equality and uniformity. We have no doubt of the correctness of such holding and accordingly adopt it.

Paragraph 3184, to the extent that it undertakes to require the payment of fees to the clerk on the value of the estate to be administered and not upon the services, is therefore a tax statute and not a statute fixing fees to compensate for services rendered.

The legislature had the unquestioned power to require any person making application to be appointed administrator, executor, or guardian to pay to the clerk an administration fee commensurate with the services to be rendered by the officers of the court, and paragraph 3184, in providing for a filing fee of ten dollars, is, to that extent, valid legislation. Note to *Malin* v. *Lamoure County, supra,* in Ann. Cas. 1916C 213.

We do not find it necessary to pass upon the other proposition raised by plaintiff in his brief.

The judgment is affirmed.

McALISTER, C. J., and LOCKWOOD, J., concur.