(No. 5458.   January 16, 1930.)

LORA G. CHAPMAN, Executrix of the Estate of NELSON
CARLTON CHAPMAN, Respondent, v. ADA COUNTY
and JOHN JACKSON, Judge and Ex-Officio Clerk of
the Probate Court of said Ada County, Appellants.

[284 Pac. 259.]

Carl A. Burke, for Appellants.

Dean Driscoll, for Respondent.

W. D. Gillis, Attorney General, and Alfred C. Cordon, Assistant Attorney General, *Amici Curiae*, cite no authorities.

GIVENS, C. J.—This action was brought to recover the sum of $50, which plaintiff as executrix was required to pay as a fee for probating an estate in the probate court of Ada county.

C. S., sec. 3705, as amended by chap. 16, Laws of 1925, p. 25, as further amended by chap. 91, Laws of 1927, p. 117, sets forth a schedule of probate court fees. The minimum fee for probating an estate is $5. For estates the value of which exceeds $5,000 a graduated fee scale is provided. Plaintiff concedes liability for the minimum fee but resists the imposition of all in excess of that, and demands its return, on the ground that C. S., sec. 3705, as amended, by authority of which the fees were exacted, is unconstitutional and void.

The first question to be determined is whether the statute authorizes a fee or imposes a tax. A fee must bear some relation to the value of the services rendered. While it is conceivable that the services required for the probate of some large estates would be trifling, it may be conceded, as asserted by appellants, that as a rule the additional work made necessary by the probate of large estates would warrant larger fees than the probate of small estates. But these increased fees must be related in some way that is apparent to the additional services required. The statute in question makes their sole criterion the money value of the estate which in many cases would authorize a fee entirely out of proportion to the value of the services rendered. The authorities which have had this precise question under consideration in connection with similar statutes conclude that such statutes impose a tax in the guise of a fee. (*Malin v. Lamoure County*, 27 N. D. 140, Ann. Cas. 1916C, 207, 145 N. W. 582, 50 L. R. A., N. S., 997, and note; *State v. Case*, 39 Wash. 177, 109 Am. St. 874, 81 Pac. 554, 1 L. R. A., N. S., 152.)

The second question to be determined is whether the legislature infringed upon any constitutional provision in imposing this tax. Section 5 of art. 7 alone need be con-

sidered. This provision requires that "all taxes shall be uniform upon the same class of subjects within the territorial limits of the authority levying the tax and shall be levied and collected under general laws which shall prescribe such regulations as shall secure a just valuation for taxation of all property, real and personal. . . . . "

It is not contended, nor could it be successfully, that this is an inheritance tax. (*Malin v. Lamoure County, supra; Fatjo v. Pfister,* 117 Cal. 83, 48 Pac. 1012.) Nor do we understand that it is any other kind of a privilege tax, and hence the analogy of the automobile license taxes, urged by appellants, fails. It is not a tax imposed under the police power for purposes of regulation. We believe that it is a property tax and as such, under the authorities, violates the uniformity provision of the Constitution cited above. (*Berryman v. Bowers,* 31 Ariz. 56, 250 Pac. 361; *Fatjo v. Pfister, supra; Malin v. Lamoure County, supra; Cook County v. Fairbank,* 222 Ill. 578, 78 N. E. 895; *State v. Mann,* 76 Wis. 469, 45 N. W. 527, 46 N. W. 51; *State v. Case, supra; State v. Gorman,* 40 Minn. 232, 41 N. W. 948, 2 L. R. A. 701.) We have found no case sustaining such exaction.

We therefore conclude that the statute is unconstitutional in so far as it makes the amount of probate fees depend upon the value of the estate probated. The right of the probate court to require the payment of the minimum fee of $5 is not questioned and is a valid charge. And we do not question the right of the legislature to require the payment of a reasonable fee based upon and commensurate with the services to be rendered, for the probate of all estates. (*Malin v. Lamoure County* and *Berryman v. Bowers, supra.*) The original section 3705 in the Compiled Statutes and the 1925 amendment authorized the imposition and collection of twenty cents a folio for copies of all papers and proceedings in the probate court, including certificate and seal when required. The 1927 amendment provided the fees, based on the value of the estate, should

cover the cost of such copies of papers and proceedings, and eliminated the per folio charge. Since the amendment is unconstitutional, the per folio fee is in force and unaffected by the attempted invalid amendment. (*Bissett v. Pioneer Irr. Dist.*, 21 Ida. 98, at 101, 120 Pac. 461.)

The trial court did not err in overruling the demurrer to the complaint.

The judgment is affirmed. Costs awarded to respondent.

Budge, T. Bailey Lee and Varian, JJ., concur.