63 P.3d 474

**BHA INVESTMENTS, INC., an Idaho corporation, on behalf of itself and all others similarly situated, Plaintiffs–Appellants,**

v.

**STATE of Idaho, Alcohol Beverage Control Board, of the State of Idaho, Defendant–Respondent.**

**No. 28238.**

Supreme Court of Idaho,
Boise, December 2002 Term.

Jan. 30, 2003.

Davison, Copple, Copple & Copple, Boise, for appellants. Edward J. Guerricabeitia argued.

Hon. Alan G. Lance, Attorney General, Boise, for respondent. Victor A. Ramirez argued.

SCHROEDER, Justice.

This case involves the constitutionality of a liquor license transfer fee. When BHA Investments, Inc. (BHA) sold its liquor license, it was required to pay a transfer fee equal to 10% of the sale price to the State of Idaho (the State), pursuant to I.C. § 23–908(5). BHA paid the transfer fee under protest and filed suit in district court against the State, arguing that the transfer fee is a disguised and unconstitutional tax, a taking without just compensation, and an unjust enrichment for the State. The district court dismissed the case, finding no claim upon which relief could be granted. BHA appeals.

## I.

## FACTUAL AND PROCEDURAL BACKGROUND

On July 17, 2000, BHA sold an Idaho State liquor license to Power House, LLC for $115,000.00. BHA notified the State of Idaho Alcohol Beverage Control Board of the sale. The State instructed BHA to submit an application for transfer to the Director of the Idaho State Police, who would investigate the application and license transfer pursuant to I.C. § 23–908(2) and I.C. § 23–907. BHA was also told that it must pay 10% of the license transfer sale price to the Director of the Idaho State Police as a "transfer fee" pursuant to I.C. § 23–908(5). The Director approved the license transfer, and BHA submitted the transferred license to the City of Boise. BHA paid the transfer fee of $11,500.00 to the State under protest and filed a complaint in district court. The State answered and filed a motion to dismiss for failure to state a claim on which relief could be granted. BHA appealed.

## II.

## THE TRANSFER FEE IS VALID

### A. Standard of Review

This case comes to the Court on review of grant of a Rule 12(b)(6) dismissal for failure to state a claim upon which relief can be granted. In *Bradbury v. Idaho Judicial Council,* 136 Idaho 63, 67, 28 P.3d 1006, 1010 (2001), this Court stated the standard of review relevant to this case:

The Court's standard of review for an order of the district court dismissing a case pursuant to I.R.C.P. 12(b)(6) is the same as the summary judgment standard of review. *See Coghlan v. Beta Theta Pi Fraternity,* 133 Idaho 388, 398, 987 P.2d 300, 310 (1999); *see also Orthman v. Idaho Power Co.,* 126 Idaho 960, 962, 895 P.2d 561, 563 (1995). After viewing all facts and inferences from the record in favor of the non-moving party, the Court will ask whether a claim for relief has been stated. *Coghlan,* 133 Idaho at 398, 987 P.2d at 310. "The issue is not whether the plaintiff will ultimately prevail, but whether the party is 'entitled to offer evidence to support the claims.'" *Id. citing Orthman,* 126 Idaho at 962, 895 P.2d at 563, *quoting Scheuer v. Rhodes,* 416 U.S. 232, 236, 94 S.Ct. 1683,

1686, 40 L.Ed.2d 90, 96 (1974) (citation omitted).

The constitutionality of a statute is a question of law. *State v. Cobb*, 132 Idaho 195, 197, 969 P.2d 244, 246 (1998). The party challenging a statute on constitutional grounds bears the burden of establishing the statute is unconstitutional and "must overcome a strong presumption of validity." *Olsen v. J.A. Freeman Co.*, 117 Idaho 706, 709, 791 P.2d 1285, 1288 (1990).

This Court exercises free review over the trial court's conclusions of law to determine if the trial court correctly stated the principles of law and if the legal conclusions are supported by the facts as found. *Nampa & Meridian Irrigation Dist. v. Washington Fed. Sav.*, 135 Idaho 518, 521, 20 P.3d 702, 705 (2001). The Court is "free to draw its own conclusions from the facts presented." *Kootenai Elec. Coop. v. Washington Water Power Co.*, 127 Idaho 432, 435, 901 P.2d 1333, 1336 (1995).

**B. The transfer fee for liquor licenses under I.C. § 23–908(5) is a valid fee.**

BHA contends that the fee imposed under I.C. § 23–908(5) on those wishing to sell their liquor license is a disguised tax. Such a distinction is significant, BHA argues, because if the transfer fee is a tax, then it violates the uniformity and proportionality requirements for taxes as set forth in sections 2 and 5 of Article VII of the Idaho Constitution:

§ 2. **Revenue to be provided by taxation.**—The legislature shall provide such revenue as may be needful, by levying a tax by valuation, so that every person or corporation shall pay a tax in proportion to the value of his, her, or its property, except as in this article hereinafter otherwise provided. The legislature may also impose a license tax, both upon natural persons and upon corporations, other than municipal, doing business in this state; also a per capita tax: provided, the legislature may exempt a limited amount of improvements upon land from taxation.

§ 5. **Taxes to be uniform—Exemptions.**—All taxes shall be uniform upon the same class of subjects within the territorial limits, of the authority levying the tax, and shall be levied and collected under general laws, which shall prescribe such regulations as shall secure a just valuation for taxation of all property, real and personal: provided, that the legislature may allow such exemptions from taxation from time to time as shall seem necessary and just, and all existing exemptions provided by the laws of the territory, shall continue until changed by the legislature of the state: provided further, that duplicate taxation of property for the same purpose during the same year, is hereby prohibited.

Idaho Const. art. VII, §§ 2 and 5.

The state has plenary power over the traffic of liquor within the state of Idaho pursuant to the Idaho Constitution, which provides that "the legislature of the state of Idaho shall have full power and authority to permit, control and regulate or prohibit the manufacture, sale, keeping for sale, and transportation for sale, of intoxicating liquors for beverage purposes." Idaho Const. art. III, § 26. The legislature passed I.C. § 23–908 pursuant to the power granted by the Constitution. That section in relevant part states, "The fee for transferring a liquor license shall be ten percent (10%) of the purchase price of the liquor license or the cost of good will, whichever is greater; except no fee shall be collected in the following events: [exceptions not applicable in this case]." I.C. § 23–908(5).

In *State v. Doherty*, 3 (Hasb.) Idaho 384, 29 P. 855 (1892), this Court addressed the constitutionality of a State liquor license fee. The same provisions of the Idaho Constitution at issue in that case are at issue here—Article VII, Sections 2 and 5. After quoting the relevant constitutional and code sections, this Court stated:

We are of the opinion that the provisions of said sections of the constitution requiring equality and uniformity of taxation upon the same class of subjects do not apply to the license tax provided for in said section 4 of said act. No one can doubt (who reads the act in question) that the

intention of the legislature, in its passage, was to regulate a traffic which was believed by them to be pernicious in its effects upon society, and not for the purpose of raising revenue. The principal object was to regulate such traffic, not to raise revenue. The constitutional provision in regard to equality and uniformity of taxation has reference solely to "taxation," pure and simple, according to the commonly accepted meaning of that term, for the purpose of revenue only. It does not apply to those impositions made under the police power of the state, as a means of constraining and regulating a business that may be regarded as evil in its effects upon society. In Burroughs on Taxation (page 147) it is stated that the provisions of the constitution as to equality and uniformity of taxation do not apply to licenses. (See, also, 1 Desty on Taxation, 305, note 5; 2 Desty on Taxation, 1385 et seq.; *Fahey v. State*, 27 Tex.App. 146, 11 Am. St. Rep. 182, 11 S.W. 108 [(1889)]; *Allentown . v. Gross*, 132 Pa. St 319, 19 Atl. 269 [(1890)]; *Pleuler v. State*, 11 Neb. 547, 10 N.W. 481 [(1881)]; *East St. Louis v. Wehrung*, 46 Ill. 392 [(1868)]; *People v. Thurber*, 13 Ill. 554 [(1852)]; *Wiggins Ferry Co. v. East St. Louis*, 102 Ill. 560 [(1882)]; *Distilling Co. v. Chicago*, 112 Ill. 19, [1 N.E. 166 (1884)]; *New Orleans v. Railroad Co.*, 41 La. Ann. 519, 7 South. 83 [(1889)].)

The contention that said section 4 is unconstitutional, for the reason that the license tax is not the same on each person engaged in selling intoxicating liquors, is fully answered by the authorities last above cited. Under said act the license tax is graduated by the number of votes cast for governor at the last general election next preceding the date of the application for a license. If the total vote cast for governor at such election exceeds 150 votes, then the applicant is required to pay a license of $500 per annum; and if such vote did not exceed 150 votes, then the applicant must pay $300 per annum. The act in question is a police regulation, and, as such, the price of licenses may be graduated as indicated therein. In *Ex parte Marshall*, 64 Ala. 266, Justice Stone, delivering the opinion of the court, says: "Inas-much as the price of a license may be graduated by the populousness of the community in which the privilege is to be exercised, and by the profitableness of the employments, amusements, games, etc., it authorizes, this assessment is not obnoxious to the objection that it is not levied equally throughout the taxable district." (See, also, *East St. Louis v. Wehrung*, *supra*; *State v. O'Hara*, 36 La. Ann. 93; *New Orleans v. Railroad Co.*, 41 La. Ann. 519, 7 South. 83; *Gross v. Allentown*, 132 Pa. St. 319, 19 Atl. 269.) In *Newton v. Atchison*, 31 Kan. 151, 47 Am. Rep. 486, 1 Pac. 288, the court holds that a license tax may be graduated by some standard, provided such standard is fair and just. We are of the opinion that the intention of the legislature was to graduate the license tax for selling intoxicating liquors by the populousness of the community in which the business was carried on, and the method of ascertaining such fact was by referring to the vote cast for governor at the election next preceding the application for a license. The standard for graduating the license tax, prescribed by the act in question, is reasonably fair and just. The judgment of the court below is affirmed, with costs of this appeal.

*Id.* at 390–91, 29 P. at 855–57; *see also In re Kessler*, 26 Idaho 764, 774, 146 P. 113, 115 (1915) ("It has been frequently held by this court that liquor licenses ... are not taxes contemplated by secs. 2 and 5 of art. 7 of the constitution, but constitute a separate and distinct way of raising revenue, independent of taxation in the commonly accepted meaning of that term.").

■ The relevant facts are undisputed. What remains is a question of law. Under *Doherty*, the uniformity and proportionality requirements of the Idaho Constitution do not apply to liquor license fees. There is no reason to treat the license transfer fee differently.

■ BHA argues that the transfer fee is, in fact, a tax disguised as a fee, and that, as a tax, it is unconstitutional. Fees and taxes are generally distinguished in that fees are for the purpose of regulation whereas

taxes are solely for the purpose of raising revenue. *See Brewster v. City of Pocatello,* 115 Idaho 502, 504–05, 768 P.2d 765, 767–68 (1988). However, when a regulation is made of the liquor business, the State may impose a large fee—even one that effectively discourages entrance to the business—through the police power without the need of considering the fee as a revenue-raising tax. *Phillips v. City of Mobile,* 208 U.S. 472, 478–79, 28 S.Ct. 370, 371–72, 52 L.Ed. 578, 580–81 (1908) ("The fact that the city derives more or less revenue from the ordinance in question [liquor license fee] does not tend to prove that this section was not adopted in the exercise of the police power, even though it might also be an exercise of the power to tax. The police power is a very extensive one, and is frequently exercised where it also results in raising a revenue."); *Appeal of Allyn,* 81 Conn. 534, 71 A. 794, 796 (1909) ("The state may properly restrict a business dangerous, if unregulated, to public morals or security, by the requirement of large license fees.... It is only important to distinguish between licenses issued by way of regulation and licenses issued for purposes of revenue in the case of municipal corporations, acting under legislative authority. The question then is: For what object was the authority given by the Legislature? Such an inquiry is irrelevant in testing the validity of a statute of the state."); *City of East St. Louis v. Trustees of Schools,* 102 Ill. 489, 1882 WL 10255, at *1 (Jan. 18, 1882) (" 'This [a liquor license fee] is not a tax, but is a burden ... for the right of exercising a ... privilege which the legislature would have the right to withhold or inhibit altogether.' ... 'It is not a tax,' in the sense in which that word is used in the constitution of that State, and ... 'It is a price paid for a franchise ... vested in an individual.' "). In fact, as the purpose of a license fee is in part to discourage entrance to the liquor business, a higher fee may more fully accomplish the fee's purpose: "The higher the license, it is sometimes said, the better the regulation, as the effect of a high license is to keep out from the [liquor] business those who are undesirable and to keep within reasonable limits the number of those who may engage in it." *Phillips,* 208 U.S. at 479, 28 S.Ct. 370, 52 L.Ed. 578.

BHA relies on *Chapman v. Ada County,* 48 Idaho 632, 284 P. 259 (1930), *Brewster v. City of Pocatello,* 115 Idaho 502, 768 P.2d 765 (1988), and *Loomis v. City of Hailey,* 119 Idaho 434, 807 P.2d 1272 (1991), for the proposition that the amount of the transfer fee must relate directly to the services provided in consideration of the fees collected. Generally, the amount of a fee must "bear some relation to the value of the services rendered." *Chapman v. Ada County,* 48 Idaho 632, 634, 284 P. 259, 260 (1930). In *Chapman,* this Court held that a county court's probate fee was unconstitutional because the probate fee depended only upon the value of the estate, which had no necessary relation to the value of services rendered. *Id.* at 634, 284 P. at 260. The Court in *Chapman* noted that the fee was not "imposed under the police power for purposes of regulation," suggesting that the holding would be otherwise if it were. *Id.* at 635, 294 P. at 260. In *Brewster,* however, the Court made clear that even regulations under the police powers must meet a test of reasonableness: "If municipal regulations are to be held validly enacted under the police power, funds generated thereby must bear some reasonable relationship to the cost of enforcing the regulation." 115 Idaho at 504, 768 P.2d at 767 (citing *State v. Nelson,* 36 Idaho 713, 213 P. 358 (1923)).

The general rule as enunciated in *Chapman, Brewster,* and *Loomis* appears applicable only to licensing of those professions considered desirable by the state—professions for which the license is intended to promote the industry. Liquor license fees may be imposed to such a degree that the amount effectively discourages entrance in the business. *Phillips,* 208 U.S. at 478–79, 28 S.Ct. 370, 52 L.Ed. 578; *Appeal of Allyn,* 71 A. at 796. The funds for a transfer fee need not relate specifically to the amount needed to investigate the transfer as argued by BHA under these cases. The funds raised from liquor license fees are separate and distinct revenue from that revenue raised with taxes, and may be applied to whatever funds the local government deems appropriate. *In re Kessler,* 26 Idaho at 774, 146 P. at 115; *City of East St. Louis,* 102 Ill.

489, 1882 WL 10255, at *2 ("Such a [liquor license fee] fund is not required, by any known constitutional requirement, to be applied solely to municipal purposes. The General Assembly had the power to dispose of such a fund for any public use. It might be required to be paid into the State treasury, the county treasury, or applied to the use of schools in any district or place where the General Assembly might think proper to place it.").

BHA argues that cases dealing with license fees are inapplicable because a transfer fee is at issue in this case instead of a license fee. However, the purposes of the two fees are sufficiently overlapping to bring this case within the reasoning of *Doherty* and the very broad constitutional power of the State to regulate the traffic of liquor.

## III.

### THE TRANSFER FEE DOES NOT VIOLATE THE TAKINGS PROVISIONS OF THE IDAHO AND UNITED STATES CONSTITUTIONS

■■■ BHA argues that the transfer fee in I.C. § 23-908(5) is a taking of property without just compensation in violation of article I, section 14 of the Idaho Constitution and the Fifth Amendment to the United States Constitution. BHA maintains that a takings claim should be decided as a matter of law by the trial court, citing *Rueth v. State,* 100 Idaho 203, 596 P.2d 75 (1978).

### A. Standard of Review

The taking claim was also disposed of as part of the 12(b)(6) decision and, thus, the same standard of review that applies to the first issue applies here, including the standard of review for a claim that a statute is unconstitutional.

### B. The taking claim is denied.

■■■ BHA argues that the taking of private property in this case is the collection of that part of the transfer fee over and above what should reasonably be charged as a transfer fee. Both the Idaho Constitution and United States Constitution provide that if private property is taken for a public use,

just compensation must be given. Idaho Const. art. I, § 14; U.S. Const. amend. V. The Takings Clause of the Fifth Amendment was "designed to bar Government from forcing some people alone to bear public burdens which, in all fairness and justice, should be borne by the public as a whole." *Armstrong v. United States,* 364 U.S. 40, 49, 80 S.Ct. 1563, 1569, 4 L.Ed.2d 1554, 1561 (1960). Takings clause analysis requires the Court to determine whether "justice and fairness" require compensation for an economic injury caused by the government. *Kaiser Aetna v. United States,* 444 U.S. 164, 174-75, 100 S.Ct. 383, 389-91, 62 L.Ed.2d 332, 342-43 (1979). The United States Supreme Court "has examined the 'taking' question by engaging in essentially ad hoc, factual inquiries that have identified several factors—such as the economic impact of the regulation, its interference with reasonable investment backed expectations, and the character of the governmental action—that have particular significance." *Kaiser Aetna,* 444 U.S. at 175, 100 S.Ct. at 390-91, 62 L.Ed.2d at 343.

The parties dispute whether BHA has a valid property interest in the transfer fee under the Takings Clause. BHA says that it has a valid economic property interest, citing *Coeur d'Alene Garbage Service v. Coeur d'Alene,* 114 Idaho 588, 759 P.2d 879 (1988). In that case, the Court held that the right to conduct business is property, and found that Coeur d'Alene Garbage Service had a valid property interest in the business it was conducting in the areas annexed by the city of Coeur d'Alene. *Id.* at 591, 759 P.2d at 882. However, BHA's claim in this case is that the money taken in excess of a reasonable transfer fee is the property that was in fact taken; BHA does not appear to be arguing that the license itself is property, making *Coeur d'Alene* inapplicable. In addition, that case did not involve the regulation of liquor, which regulation is performed under broader police powers. In any event, this Court has held that a liquor license is not a right of property, implying that it is not property in any constitutional sense:

A liquor license is simply the grant or permission under governmental authority to the licensee to engage in the business of

selling liquor. Such a license is a temporary permit to do that which would otherwise be unlawful; it is a privilege rather than a natural right and is personal to the licensee; it is neither a right of property nor a contract, or a contract right. *Nampa Lodge No. 1389 v. Smylie,* 71 Idaho 212, 215–16, 229 P.2d 991, 993 (1951). This Court has also held, however, that a liquor license is a right of property as between a licensee and third persons in that it has "attributes of value and assignability." *Weller v. Hopper,* 85 Idaho 386, 394, 379 P.2d 792, 797 (1963).

The primary argument of BHA is that the money in excess of a reasonable transfer fee is a taking. BHA asserts that it is undisputed that money is property for which they would have a property interest. However, the money in this case is associated with the permit, and the permit is granted as a privilege rather than by right according to this Court. While not binding, the reasoning of the California Supreme Court is instructive: "To put the matter simply, the taking of money is different, under the Fifth Amendment, from the taking of real or personal property. The imposition of various monetary exactions—taxes, special assessments, and user fees—has been accorded substantial judicial deference." *San Remo Hotel L.P. v. City and County of San Francisco,* 27 Cal.4th 643, 117 Cal.Rptr.2d 269, 41 P.3d 87, 106 (2002) (quoting *Ehrlich v. City of Culver City,* 12 Cal.4th 854, 50 Cal.Rptr.2d 242, 911 P.2d 429, 454–55 (1996) (conc. opn. of Mosk, J.)). In *San Remo Hotel,* the Court was referring specifically to money exacted by property regulations, but the reasoning is analogous to this case. Deference is given to the State in its use of the police power in this case regarding the transfer fee. There is no unconstitutional taking under either the Idaho or United States Constitution.

## IV.

## THE STATE IS NOT UNJUSTLY ENRICHED BY THE COLLECTION OF THE TRANSFER FEE IMPOSED UNDER I.C. § 23–908(5)

BHA argues that any portion of the transfer fee charged in excess of that which is necessary to enforce the regulation is an unjust enrichment for the State, outlining the elements of an unjust enrichment claim as set forth in *Aberdeen–Springfield Canal Company v. Peiper,* 133 Idaho 82, 88, 982 P.2d 917, 923 (1999): (1) a benefit is conferred upon defendant by plaintiff, (2) appreciation by the defendant of the benefit, and (3) acceptance of the benefit under circumstances that would be inequitable for the defendant to retain the benefit without payment of the value thereof.

BHA concedes that the State has authority to impose a reasonable transfer fee but contends that any amount over and above that amount which reasonably relates to the cost of investigating the transfer is an unjust enrichment. The essence of an unjust enrichment claim is that a person has received a benefit which it would be inequitable for him to retain. *Beco Construction Co. v. Bannock Paving Co.,* 118 Idaho 463, 466, 797 P.2d 863, 866 (1990) (quoting *Hertz v. Fiscus,* 98 Idaho 456, 457, 567 P.2d 1, 2 (1977)). This claim is derivative of the primary constitutional claim and hinges on whether the transfer fee is constitutional and valid. The determination that the fee is constitutional disposes of the unjust enrichment claim.

## V.

## NEITHER PARTY IS ENTITLED TO ATTORNEY FEES

Both parties request attorney fees on appeal. Idaho Code section 12–121 provides that "[i]n any civil action, the judge may award reasonable attorney's fees to the prevailing party or parties...." Such an award is appropriate when this Court has the abiding belief that the appeal was brought or defended frivolously, unreasonably or without foundation. *Minich v. Gem State Developers, Inc.,* 99 Idaho 911, 918, 591 P.2d 1078, 1085 (1979). Where the issues raised on appeal involve well-settled principles of law, the appeal is frivolous and without foundation. *See Blaser v. Cameron,* 121 Idaho 1012, 1018, 829 P.2d 1361, 1367 (Ct.App. 1991).

It is arguable that the law and policy with regard to liquor regulation in Idaho is settled. However, BHA has made sufficient arguments attempting to distinguish the policy with regard to transfer fees to take this appeal outside the scope of being considered frivolous, unreasonable or without foundation.

## VI.

## CONCLUSION

The decision of the district court is affirmed. The State is awarded costs, but no attorney fees are allowed.

Justices WALTERS, KIDWELL, EISMANN and Justice Pro Tem HOHNHORST, concur.