917 P.2d 1293

Lawrence RINCOVER and Wanda J. Rincover, Husband and Wife, Plaintiffs–Appellants,

v.

STATE of Idaho, DEPARTMENT OF FINANCE, SECURITIES BUREAU; Belton Patty, Individually and as Director of the Department of Finance; Wayne Klein, Individually and as Chief of Securities Bureau; Carol Vincent, an Individual and Carmen Totorica, an Individual, Defendants–Respondents.

No. 21722.

Supreme Court of Idaho, Boise, February 1996 Term.

June 4, 1996.

Bauer & French, Boise, for appellants. Randal J. French, argued.

Alan G. Lance, Idaho Attorney General; David G. High (argued), Deputy Attorney General, Boise, for respondents.

TROUT, Justice.

This case involves tort claims by appellants Lawrence and Wanda Rincover for damages arising from the wrongful denial of registration of their securities licenses, and claims for violations of federal civil rights.

## I.

## BACKGROUND

Lawrence Rincover was a licensed securities salesperson. In early 1990, the Idaho Department of Finance (Department) investigated certain aspects of his professional conduct, including loans obtained from a client (respondent Vincent), and unsuitable investment recommendations given to both Vincent and another client (respondent Totorica). In July of 1990, Mr. Rincover discontinued his employment as a securities salesperson in Idaho. On April 1, 1991, he again applied to become a registered securities salesperson. This application was denied on April 30, 1991, by issuance of an order and notice by the Director of the Department (Director). A hearing was held before a hearing officer who issued findings of fact, conclusions of law, and a proposed order recommending that the application be denied. On December 16, 1991, the Director entered a final order denying registration.

Mr. Rincover sought judicial review of the Director's final order in district court. The district court affirmed the denial of his application. On appeal, this Court determined that the Department denied Mr. Rincover due process by failing to provide adequate notice prior to a hearing of the reason for its ultimate decision, and that I.C. § 30–1413(7), which was relied upon by the Department, was unconstitutionally vague as applied. Accordingly, the district court's decision was reversed. *See Rincover v. State,* 124 Idaho 920, 866 P.2d 177 (1993). However, Mr. Rin-

cover's request for attorney fees pursuant to I.C. § 12–117 was denied.

Wanda Rincover was also a licensed securities salesperson. On June 26, 1991, she submitted an application to re-register her securities license with a different broker-dealer. On August 8, 1991, the Director entered an order denying registration. One of the stated reasons for denial was the conclusion that Mrs. Rincover had violated I.C. § 30–1413(7). An administrative hearing was held in January of 1992, and on September 16, 1992, the hearing officer issued a proposed order recommending that her application be denied. On September 24, 1992, the Director entered a final order denying Mrs. Rincover's application. On review the district court reversed the Director's order. However, it denied Mrs. Rincover's request for attorney fees under I.C. § 12–117.

## II.

### PROCEDURAL HISTORY

On October 28, 1991, the Rincovers filed a notice of tort claim dated October 26, 1991, naming the State of Idaho and Wayne Klein (chief of the securities bureau) as defendants. On October 27, 1993, the Rincovers initiated the present action by filing a complaint in district court alleging negligence, malicious prosecution, and defamation. This complaint was never formally served on the defendants. On February 24, 1994, the Rincovers filed a second tort claim notice, again naming the State and Wayne Klein as defendants. On May 9, 1994, they filed an amended complaint alleging negligence, malicious prosecution, defamation, negligent infliction of emotional distress, and violations of civil rights under 42 U.S.C. § 1983.

On June 27, 1994, defendants filed a motion to dismiss and for summary judgment. They requested that the original complaint be dismissed pursuant to I.R.C.P. 4(a)(2) for lack of service. They also sought dismissal of the tort claims because: (1) they were time barred; (2) collateral estoppel precluded re-litigation of the applicable standard of care; (3) as to defendant Belton Patty (director of the Department), no tort claim notice was filed; and (4) as to defendants Totorica and Vincent, the Rincovers failed to state a claim, and the communications and testimony of these defendants were privileged. Defendants also requested dismissal or summary judgment with regard to the defamation claim.

With regard to the § 1983 claims, the defendants requested the trial court to dismiss or grant summary judgment because: (1) these claims were time barred; (2) collateral estoppel precluded re-litigation of issues determinative of defendants' qualified immunity; (3) the State and State officers acting in their official capacity are not "persons" within the meaning of 42 U.S.C. § 1983; and (4) as to Totorica and Vincent, the Rincovers failed to state a claim, and failed to plead the count with particularity.

The Rincovers consented to dismissal of the § 1983 action against the State and defendants Patty and Klein in their official capacities. In resolving the remaining issues presented by defendants' motion, the district court held as follows: (1) summary judgment was denied on the issue of failure to file a tort claim notice against Patty; (2) the tort claims in the original complaint were time barred; (3) the § 1983 claims against Patty and Klein were time barred; (4) the claims in the amended complaint did not relate back to the original complaint; (5) the original complaint was dismissed for lack of service; (6) collateral estoppel precluded re-litigation of issues essential to the tort claims; (7) defendants Klein and Patty were shielded from liability on the § 1983 claims by qualified immunity; and (8) the claims against Totorica and Vincent were meritless.

## III.

### STANDARDS OF REVIEW

**A. Claims Against the State and State Officials**

The district court granted summary judgment with regard to the claims against

the State and State officials. When reviewing a ruling on a motion for summary judgment, this Court's standard of review is the same as that used by the district court in passing on the motion; it must liberally construe the facts in favor of the non-moving party and determine whether there is a genuine issue as to any material fact, and whether the moving party is entitled to judgment as a matter of law. I.R.C.P. 56(c); *Curtis v. Firth,* 123 Idaho 598, 610, 850 P.2d 749, 761 (1993). In this case, the material facts are not in dispute. Thus, the question is whether in light of these undisputed facts, the defendants are entitled to judgment as a matter of law.

## B. Claims Against Vincent and Totorica

I.R.C.P. 12(b) provides that if a motion to dismiss under 12(b)(6) is made and matters outside the pleadings are presented to and not excluded by the court, the motion shall be treated as one for summary judgment under Rule 56. Even though the defendants only sought dismissal of the claims against Vincent and Totorica under Rule 12(b)(6), with regard to the claims for malicious prosecution, the district court relied upon the record, concluding that there is no evidence that these defendants acted with improper motives, lied, or misused the process. Therefore, we will review the ruling on these claims as a grant of summary judgment.

■ With regard to the remaining claims against Vincent and Totorica, there is no indication that the district court considered the record, and the court simply stated that it was "granting the motion" on various grounds. Thus, we will treat the rulings on these claims as dismissals pursuant to Rule 12(b)(6). In reviewing a ruling on a motion to dismiss for failure to state a claim upon which relief may be granted, the question is whether the non-movant has alleged sufficient facts in support of his claim which, if true, would entitle him to relief. *E.g., Orthman v. Idaho Power Co.,* 126 Idaho 960, 895 P.2d 561 (1995).

## IV.

## CIVIL RIGHTS CLAIMS AGAINST STATE OFFICIALS

The Rincovers have alleged that defendants Klein and Patty engaged in a course of conduct which resulted in the violation of certain of their constitutional rights. Therefore, they contend that they are entitled to recover damages from these defendants pursuant to 42 U.S.C. § 1983. The district court set forth two bases for its decision to grant summary judgment with regard to these claims. It first concluded that the claims were barred by application of the statute of limitations. Alternatively, it determined that defendants Klein and Patty were immune from liability. Because our resolution of the immunity issue is dispositive of this group of claims, we will not address the issues relating to whether the applicable limitations period has run.

■ The district court determined that defendants Klein and Patty were shielded from liability by the doctrine of qualified immunity, citing *Hunter v. Bryant,* 502 U.S. 224, 112 S.Ct. 534, 116 L.Ed.2d 589 (1991). *See also Harlow v. Fitzgerald,* 457 U.S. 800, 818, 102 S.Ct. 2727, 2738, 73 L.Ed.2d 396 (1982) ("[G]overnment officials performing discretionary functions generally are shielded from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known."). However, the United States Supreme Court has held that although qualified immunity is the general rule for executive officials charged with constitutional violations, *absolute* immunity applies to those officials performing prosecutorial or adjudicative functions. *See Butz v. Economou,* 438 U.S. 478, 98 S.Ct. 2894, 57 L.Ed.2d 895 (1978).[1] With regard to the former, the Court held that officials "responsible for the decision to initiate or continue a proceeding subject to agency adjudication are entitled to absolute im-

1. Although *Butz* dealt with a *Bivens* claim against federal administrative officials, the stan-

dards for immunity applied in that context should be the same as those applied in a § 1983

munity from liability for their parts in that decision." *Id.* at 516, 98 S.Ct. at 2916. It also held "that persons ... performing adjudicatory functions within a[n] ... agency are entitled to absolute immunity from damages liability for their judicial acts." *Id.* at 514, 98 S.Ct. at 2915. The rationale is that executive officers performing functions analogous to those of a prosecutor or judge should be able to do so without fear of liability. *Id.* Because we conclude that Klein and Patty are entitled to absolute immunity, we will not consider whether the standards for the doctrine of qualified immunity have been met and will, rather, affirm the district court's decision on other grounds.

■ With regard to defendant Klein's role in the denial of the Rincovers' applications, the undisputed evidence reveals that he, as securities bureau chief, was responsible for the decision to investigate allegations of wrongdoing on the part of the Rincovers, and to present formal recommendations to the Director as to whether the Rincovers' applications should be denied. The resulting orders, by the Director, denying the Rincovers' applications were subject to adjudication before the Department. I.C. § 30–1414. With regard to defendant Patty's role, the legislature has vested him, as Director, with broad adjudicatory powers. *See, e.g.,* I.C. § 30–1441 (Director vested with the power to administer oaths, subpoena witnesses, take evidence, and require the production of documents). It was Patty's exercise of these powers that resulted in the final orders denying the Rincovers applications. *See* I.C. §§ 30–1413, –1414. Thus, the acts by these defendants of which the Rincovers complain were clearly accomplished during the performance of their prosecutorial and adjudicatory functions. Consequently, in light of *Butz,* these defendants are absolutely immune from liability under § 1983, and the decision of the district court is affirmed.

### V.

### TORT CLAIMS AGAINST THE STATE AND STATE OFFICIALS

With regard to the tort claims asserted against the State and defendants Klein and

Patty, the district court again stated alternative reasons for its grant of summary judgment against the Rincovers. First, it concluded that the claims were barred by the running of the applicable statute of limitations. Second, it determined that the Rincovers were precluded by operation of the doctrine of collateral estoppel from re-litigating the applicable standard of care set forth in I.C. §§ 6–904B and –904C, and that an independent review of the facts would lead to the conclusion that the standard of care was not breached.

In the present case, the Rincovers seek to recover from the State and State employees by way of various tort theories. To prevail on any of these theories, they must establish, as an essential element of their claims, that the conduct in question fell below the requisite standard of care. I.C. § 6–904B provides in relevant part:

> **Exceptions to governmental liability.**—A governmental entity and its employees while acting within the course and scope of their employment and without malice or criminal intent and without gross negligence or reckless, willful and wanton conduct as defined in section 6–904C, Idaho Code, shall not be liable for any claim which:
>
> . . . .
>
> 3. Arises out of the issuance, denial, suspension or revocation of, or failure or refusal to issue, deny, suspend, or revoke a permit, license, certificate, approval, order or similar authorization.

Thus, the Rincovers must, at the very least, establish that the State and its employees acted with gross negligence. For the reasons stated below, we conclude that the Rincovers cannot prevail due to an inability to establish that the State's conduct in each case at least constituted "gross negligence."

**A. Mr. Rincover Is Precluded By Operation Of The Doctrine Of Collateral Estoppel (Issue Preclusion) From Re-litigating The Issue Of The Reasonableness Of The State's Conduct In His Case.**

■ To determine whether the doctrine of collateral estoppel or issue preclusion is ap-

---

action against state officials. *See Id.* at 498–504, 98 S.Ct. at 2906–09; 13B Wright, Miller & Coo-

per, Federal Practice and Procedure § 3573.3 (2d ed.1984).

plicable we ask: (1) whether the party against whom the prior decision is asserted had a full and fair opportunity to litigate the issue in the earlier case; (2) whether the issue decided in the prior case was identical with the one presented in the subsequent litigation; (3) whether the issue was actually decided in the prior litigation; (4) whether there was a final judgment on the merits; and (5) whether the party against whom the doctrine is asserted was a party or privy of a party to the prior adjudication. *Anderson v. City of Pocatello,* 112 Idaho 176, 183–84, 731 P.2d 171, 178–79 (1986) (citations omitted).

■ I.C. § 12–117 provides for an award of attorney fees against an agency in a case where the agency does not prevail, and where the court determines that the agency "acted without a reasonable basis in fact or law." This Court specifically denied Mr. Rincover's request for attorney fees under this provision in the prior litigation. Thus, there is a prior final judicial determination that the Department did *not* act without a reasonable basis in law or fact in denying Mr. Rincover's application. In the prior case, Mr. Rincover had a fair opportunity (and a monetary incentive) to fully litigate the issue of the reasonableness of the State's conduct. This issue was actually decided by way of a final judgment against Mr. Rincover.

As stated above, to prevail against the State and its employees, Mr. Rincover must establish, at a minimum, that the State acted with "gross negligence." "Gross negligence" is defined in the Tort Claims Act as "the doing or failing to do an act which a reasonable person in a similar situation and of similar responsibility would, with a minimum of contemplation, be *inescapably drawn* to recognize his or her duty to do or not do such act," and that the failure to recognize this duty "shows *deliberate indifference* to the harmful consequences to others." I.C. § 6–904C (emphasis added). However, the issue of the reasonableness of the State's conduct in Mr. Rincover's case has previously been resolved. Once it is accepted, as it must be in light of the prior judgment, that there *was*

a reasonable basis in law or fact for the State's actions, it would be a *non sequitur* for this Court to now consider whether the State acted with gross negligence. Accordingly, the district court was correct in concluding that the standard for gross negligence set forth in I.C. § 6–904C cannot be established in Mr. Rincover's case.

**B. Based Upon Our Independent Review Of The Record, We Conclude That The State's Conduct In Mrs. Rincover's Case Did Not Constitute Gross Negligence.**

■ The district court also concluded that the doctrine of collateral estoppel prevented Mrs. Rincover from re-litigating the issue of the reasonableness of the State's conduct in her case, relying upon a prior district court decision denying an award of attorney fees under I.C. § 12–117. Because the district court decision on the issue of attorney fees in Mrs. Rincover's case is the subject of a pending appeal to this Court, there is no final judgment and we hold that the district court erred in applying the doctrine of collateral estoppel. However, the district court also conducted an independent review of the record and concluded that the standard of care was, in fact, not breached in Mrs. Rincover's case. Based upon our own review of the record, we likewise reach this conclusion.

The undisputed evidence establishes that Mrs. Rincover failed to disclose, in her application to the Department, the existence of a tax lien against her property. Although the hearing officer ultimately determined that Mrs. Rincover did not have actual notice of the existence of the lien, the record reveals that the decision to deny her application was based, in part, on the Department's belief that the existence of the lien indicated that she was insolvent; she had not met a tax obligation that had arisen some two years earlier. Moreover, Mr. Rincover obtained personal loans from clients (the Vincents) in violation of standards set by the National Association of Securities Dealers (NASD), the industry's self-regulatory body. Mrs. Rincover signed the promissory notes evi-

dencing the Rincovers' resulting obligation to the Vincents. In light of this undisputed evidence and the fact that the law demands exemplary financial and ethical behavior from members of the securities industry, we conclude as a matter of law that the Department's conduct in denying Mrs. Rincover's application was not "grossly negligent."

Because our determinations with regard to whether the Department's conduct fell below the requisite standard of care disposes of this group of claims, we will not address the issues relating to the application of the statute of limitations. The decision of the district court granting summary judgment to the State and State officials on these claims is affirmed.

## VI.

### CIVIL RIGHTS CLAIMS AGAINST VINCENT AND TOTORICA

In Count V of their amended complaint, the Rincovers allege a violation of 42 U.S.C. § 1983 as follows:

41. Defendants State of Idaho, Belton Patty and Wayne Klein engaged in a course of conduct specifically designed to deprive Plaintiffs of the registration of their securities licenses, as stated above.

42. The Idaho Supreme Court ruled on November 29, 1993 that the State acted unconstitutionally in depriving Larry Rincover of his license, in a unanimous decision. That decision is now final.

43. For the same reason that these Defendants' actions with regard to Larry Rincover were unconstitutional, their action with regard to Wanda Rincover is also unconstitutional.

44. Pursuant to 42 U.S.[C.] § 1983, these Plaintiffs are entitled to recover the damages which they have suffered.

In light of these allegations, it is clear that not only did the Rincovers fail to state a cause of action against Vincent and Totorica, they did not even attempt to do so; there is no allegation that these defendants deprived the Rincovers of a constitutional right, or in any way violated 42 U.S.C. § 1983. Because a fair reading of the amended complaint does not suggest that the Rincovers' intended to assert § 1983 claims as against Vincent and Totorica, the decision of the district court dismissing these claims is affirmed.

## VII.

### TORT CLAIMS AGAINST VINCENT AND TOTORICA

#### A. Malicious Prosecution

As stated above, the district court granted summary judgment on these claims. On appeal, the Rincovers argue that that court erred in not considering the correct elements for a claim of malicious prosecution.

■ When reviewing a ruling on a motion for summary judgment, this Court applies the same standard applied by the trial court. Thus, it can independently reach its own conclusion as to whether there is a genuine issue as to any material fact, and whether the moving party is entitled to judgment as a matter of law. *Curtis v. Firth*, 123 Idaho 598, 610, 850 P.2d 749, 761 (1993).

■ The elements for a claim of malicious prosecution are: (1) that there was a prosecution; (2) that it terminated in plaintiff's favor; (3) that defendant was the prosecutor; (4) malice; (5) lack of probable cause; and (6) damages. *E.g., Badell v. Beeks,* 115 Idaho 101, 102, 765 P.2d 126, 127 (1988). The State, on behalf of defendants Vincent and Totorica, produced evidence that established a reasonable basis, *ie.* "probable cause," for these defendants' beliefs that they had been wronged by Mr. Rincover. The Rincovers, however, did not present any evidence raising a factual issue as to any element of their claims. Where, as here, a motion for summary judgment is supported by an evidentiary showing, the non-moving party cannot rely upon bare allegations. Rather, that party must establish the exis-

tence of an issue of fact with regard to the challenged elements. *E.g., Farm Credit Bank of Spokane v. Stevenson,* 125 Idaho 270, 869 P.2d 1365 (1994). Based upon the undisputed evidence, we conclude that Vincent and Totorica had sufficient cause to complain to the Department about Mr. Rincover's conduct. Because the Rincovers failed to establish a controverted issue of fact, summary judgment was appropriate and the district court's ruling on this issue is affirmed.

## B. Negligence, Defamation, and Negligent Infliction of Emotional Distress

With regard to the claims against Vincent and Totorica for defamation and negligent infliction of emotional distress, the acts and damage complained of all occurred at or before the Department's initial orders of denial were entered in each case. Since these orders were both entered more than two years before the original complaint was filed, we hold that the district court was correct in concluding that these claims are time barred pursuant to I.C. §§ 5–219(4), (5). It is not clear whether the Rincovers intended to assert claims for negligence against Vincent and Totorica. To the extent that they did intend to assert such claims, for the reasons stated above we also hold that the claims are time barred pursuant to I.C. § 5–219(4).

## VIII.

## CONCLUSION

The decision of the district court is affirmed. Costs to respondents. No attorney fees on appeal.

JOHNSON, J., and LEGGETT, SWANSTROM and BENGTSON, JJ. Pro Tem., concur.