**IN THE SUPREME COURT OF THE STATE OF IDAHO**
**Docket No. 37652**

| | | |
|---|---|---|
| **DANIEL S. FUCHS,** | ) | |
| | ) | |
| **Petitioner-Appellant,** | ) | |
| | ) | |
| **v.** | ) | |
| | ) | |
| **STATE OF IDAHO, DEPARTMENT OF IDAHO STATE POLICE, BUREAU OF ALCOHOL BEVERAGE CONTROL,** | ) ) ) | **Boise, December 2011 Term** |
| | ) | |
| **Respondent-Respondent on Appeal.** | ) | **2012 Opinion No. 31** |
| ------------------------------------------------------- | ) | |
| **DANIEL S. FUCHS,** | ) | **Filed: February 28, 2012** |
| | ) | |
| **Plaintiff-Appellant,** | ) | **Stephen W. Kenyon, Clerk** |
| | ) | |
| **v.** | ) | |
| | ) | |
| **STATE OF IDAHO, DEPARTMENT OF IDAHO STATE POLICE, BUREAU OF ALCOHOL BEVERAGE CONTROL,** | ) ) ) | |
| | ) | |
| **Defendant-Respondent.** | ) | |
| | ) | |

Appeal from the District Court of the Fifth Judicial District, State of Idaho, Twin Falls County.  Hon. G. Richard Bevan, District Judge.

District court ruling there is no property right in multiple listings on priority list for liquor licenses <u>affirmed</u>.

Brian N. Donesley, Boise, argued for appellant.

Hon. Lawrence G. Wasden, Idaho Attorney General, Boise, for respondent. Cheryl Anne Emmons Meade, Deputy Attorney General argued.

---

BURDICK, Chief Justice

This case arises out of the district court's dismissal for failure to exhaust administrative remedies of Daniel S. Fuchs's (Fuchs) petition for judicial review and complaint for declaratory and injunctive relief.  Fuchs is challenging the Alcohol Beverage Control's (ABC) removal of

1

his name from liquor license priority waiting lists. He argues that the agency actions constitute an informal rule that was not promulgated in accordance with the Idaho Administrative Procedure Act (Idaho APA). In response, ABC argues that Fuchs' failed to exhaust administrative remedies before bringing his action before the district court, and that the removal was done in accordance with IDAPA 11.05.01.013.04, a properly promulgated rule. Although we now hold that the district court erred in finding that Fuchs had to exhaust administrative remedies, we affirm the decision of the district court on other grounds.

## I. FACTUAL AND PROCEDURAL BACKGROUND

ABC, a division of the Idaho State Police (ISP), maintains a priority waiting list of liquor license applicants for cities that do not have any available incorporated city liquor licenses. IDAPA 11.05.01.013.01. Between June 3, 1994, and February 13, 1995, Fuchs applied for and was placed on the city priority lists in: Twin Falls (9 times); Sun Valley (3 times); Ketchum (3 times); Hailey (3 times); Bellevue (twice); and Idaho Falls (twice).

In 2006, ABC began the process of promulgating new administrative rules related to, among other things, the priority lists for liquor licenses. The pertinent addition in the draft rule would allow an applicant to place their name only once on each incorporated city priority list. As part of the rule making process, ABC sought input from various groups and made revisions to the draft rules accordingly. On October, 4, 2006, a Public Notice of Intent to Propose or Promulgate New or Changed Agency Rules was published. After receiving public input, the proposed rules reached the legislature, and were passed by the Idaho Senate Judiciary and Rules Committee. The final form of the pertinent rule states, in part, that "[a]n applicant shall hold only one position at a time on each incorporated city priority list." IDAPA 11.05.01.013.04.

On July 24, 2009, ABC sent Fuchs a letter informing him that the agency was removing nearly all of his applications from the priority lists pursuant to IDAPA 11.05.01.013.04, leaving his name listed only once per city. Enclosed with the letter was a refund check for the full amount of the application fees for the removed listings.

On August 19, 2009, Fuchs filed a petition for judicial review under I.C. § 67-5270, and amended that petition the next day. Fuchs claimed that the above referenced letter constituted a final agency action undertaken against him without due process of law. The amended petition was followed by a statement of issues for judicial review pursuant to I.R.C.P. Rule 84(d). The statement asked the district court to review, among other things, whether the agency action was

lawful or whether it was an unlawful retroactive rulemaking in excess of statutory authority and in violation of the Idaho APA. In response, ABC argued that Fuchs failed to exhaust administrative remedies before petitioning for judicial review, and filed a motion for dismissal on those grounds. Fuchs replied that any attempt at administrative remedy would be unnecessary, since exhaustion is not required when the agency acted outside of its authority.

Fuchs also filed a complaint seeking declaratory and injunctive relief on grounds similar to his petition for judicial review. In the complaint, Fuchs alleges that he was entitled to notice and due process before the agency removed his name from the priority lists. He also claims that the July 24, 2009 letter he received from ABC was an unlawful order that exceeded the agency's authority. This civil complaint was consolidated with the petition for judicial review in a September 17, 2009 order by the district court.

On March 10, 2010, the district court dismissed without prejudice Fuchs's petition for review and his civil action. In the decision, the district court acknowledged the exceptions to exhaustion, found that none of the exceptions apply to Fuchs, and dismissed for failure to exhaust administrative remedies. The district court also dismissed the declaratory judgment claims on the same ground. Fuchs timely appealed to this Court.

## II. ISSUES ON APPEAL

1. Whether the district court erred by dismissing Fuchs's petition for judicial review and his complaint for declaratory and injunctive relief for failure to exhaust administrative remedies.
2. Whether Fuchs has a property interest in his place on the priority lists.
3. Whether ABC is entitled to attorney fees and costs below and on appeal under I.C. § 12-117 and I.A.R. 35(b)(5).

## III. STANDARD OF REVIEW

Whether a dismissal for lack of jurisdiction pursuant to I.R.C.P. 12(b) was properly granted is a question of law over which this Court exercises free review. *Owsley v. Idaho Indus. Comm'n*, 141 Idaho 129, 133, 106 P.3d 455, 459 (2005). When reviewing a motion to dismiss, the court looks only at the pleadings, and all inferences are viewed in favor of the non-moving party. *Young v. City of Ketchum,* 137 Idaho 102, 104, 44 P.3d 1157, 1159 (2002). "[T]he question then is whether the non-movant has alleged sufficient facts in support of his claim which, if true, would entitle him to relief." *Rincover v. State,* 128 Idaho 653, 656, 917 P.2d 1293, 1296 (1996). "[E]very reasonable intendment will be made to sustain a complaint against a

3

motion to dismiss for failure to state a claim." *Idaho Comm'n on Human Rights v. Campbell,* 95 Idaho 215, 217, 506 P.2d 112, 114 (1973). "The issue is not whether the plaintiff will ultimately prevail, but whether the party is entitled to offer evidence to support the claims." *Young,* 137 Idaho at 104, 44 P.3d at 1159 (quoting *Orthman v. Idaho Power Co.*, 127 Idaho 960, 961, 895 P.2d 561, 562 (1995)).

This Court exercises free review over a district court's conclusions of law. *Maresh v. State, Dept. of Health & Welfare ex rel. Caballero*, 132 Idaho 221, 224, 970 P.2d 14, 17 (1998). The constitutionality of a statute or administrative regulation is a question of law over which this Court exercises free review. *Wanner v. State, Dept. of Transp.*, 150 Idaho 164, 167, 244 P.3d 1250, 1253 (2011); *Am. Falls Res. Dist. No. 2 v. Idaho Dep't of Water Res.,* 143 Idaho 862, 869, 154 P.3d 433, 440 (2007).

## IV. ANALYSIS

**A. The district court erred by dismissing Fuchs's petition for judicial review and his complaint for declaratory and injunctive relief for failure to exhaust administrative remedies.**

Fuchs filed a petition for judicial review and a civil claim in the district court without first resorting to administrative relief. In response, ABC filed a motion to dismiss for failing to exhaust administrative remedies. On March 10, 2010, the district court held that Fuchs failed to exhaust administrative remedies, and must return to the agency to state his initial claims. In so ruling, the district court held that Fuchs had no vested property right from being on the priority lists so he was not entitled to notice, and that he did not fit any of the exceptions to exhaustion.

On appeal, Fuchs argues that the district court erred, and that he did not have to exhaust administrative remedies because he fit an exception to exhaustion. Specifically, he argues that the interests of justice and the fact that ABC's July 24, 2009 letter was outside of the agency's authority allow him to bypass administrative remedy. He also argues that he could bring the declaratory action without resorting to administrative remedies first.

1. The district court erred in finding that Fuchs had to exhaust administrative remedy before filing a petition for judicial review or a complaint for declaratory action.

A party's right to appeal an administrative decision is governed by statute. *Cobbley v. City of Challis*, 143 Idaho 130, 133, 139 P.3d 732, 735 (2006); I.R.C.P. 84(a)(2)(C). Idaho Code section 67-5270(2) states that: "A person aggrieved by final agency action other than an order in

a contested case is entitled to judicial review under this chapter if the person complies with the requirements of sections 67-5271 through 67-5279, Idaho Code."

However, "[a] person is not entitled to judicial review of an agency action until that person has exhausted all administrative remedies required . . . ." I.C. § 67-5271. "Absent a statutory exemption, the exhaustion of an administrative remedy is a prerequisite for resort to the courts." *Dept. of Agric. v. Curry Bean Co.*, 139 Idaho 789, 792, 86 P.3d 503, 506 (2004). "This Court has held that generally the exhaustion doctrine implicates subject matter jurisdiction because a 'district court does not acquire subject matter jurisdiction until all the administrative remedies have been exhausted.'" *Owsley*, 141 Idaho at 135, 106 P.3d at 461 (quoting *Fairway Dev. v. Bannock Cnty.*, 119 Idaho 121, 125, 804 P.2d 294, 298 (1990)).

Here, Fuchs made no attempt to seek administrative relief before filing in district court, but he gives several reasons why he fits into an exception from exhaustion.

### a. Exceptions to Exhaustion

This Court has previously recognized two exceptions to the exhaustion requirement: "(a) when the interests of justice so require and (b) when the agency acted outside its authority." *Lochsa Falls, L.L.C. v. State*, 147 Idaho 232, 237, 207 P.3d 963, 968 (2009) (citing *Regan v. Kootenai Cnty.*, 140 Idaho 721, 725, 100 P.3d 615, 619 (2004)).

Fuchs argues that both exceptions apply. First, that the interests of justice require this Court to permit him to pursue legal action without exhausting administrative remedies because there was no available remedy. Secondly, that ABC's letter was an agency action outside the scope of the agency's authority.

Fuchs argues that ABC did not provide any means to administratively appeal the agency action, which would make exhaustion futile. "While pursuit of statutory administrative remedies is a condition precedent to judicial review under the APA, failure to exhaust administrative remedies is not a bar to litigation when there are no remedies to exhaust." *Lochsa Falls, L.L.C.*, 147 Idaho at 239–40, 207 P.3d at 970–71 (internal quotation and citation omitted).

ABC counters that if the removal of Fuchs's name from the priority lists constitutes an agency action as defined by I.C. § 67-5201(3), then I.C. § 23-933 provides Fuchs with adequate remedy to obtain an administrative hearing.

Idaho Code section 67-5201(3) states that:

(3) "Agency action" means:

5

(a) The whole or part of a rule or order;
(b) The failure to issue a rule or order; or
(c) An agency's performance of, or failure to perform, any duty placed on it by law.

The July 24, 2009 letter is an agency action under this definition. Idaho Code section 23-933 states in pertinent part that "[p]rocedures for the suspension, revocation, or refusal to grant or renew licenses issued under this chapter shall be in accordance with the provisions of chapter 52, title 67, Idaho Code." Though I.C. § 23-933 does not appear to prescribe a process for dealing with priority lists specifically, it could be inferred that the process would be similar to the refusal to grant a license.

There are several problems in ABC's explanation. As ABC points out in their brief, I.C. § 67-5254 mentions that an agency cannot revoke, suspend, modify, annul, withdraw or amend a license, or refuse to renew a license without process. Absent from that list is the refusal to grant a license, and by extension, any removal from the priority lists. ABC argues that "this provision was intentionally left out in this code provision's amendment since there appears to be no rights of due process for an applicant of a license, liquor or otherwise." ABC argues earlier in its brief that "the final authority in granting a liquor license is vested in the director of Idaho State Police."

The tension in ABC's argument, coupled with the lack of enumerated administrative remedies in the letter or the rule, leads to the conclusion that no administrative remedy exists for Fuchs. ABC suggests this may be as designed, but that does not change the fact that seeking administrative relief would be futile for Fuchs.

Since there is no administrative remedy available to exhaust, we find that the district court properly has jurisdiction over the petition for judicial review under I.C. § 67-5270 and over the declaratory action under I.C. § 10-201.

**B. Fuchs does not have a property interest in his place on the priority lists.**

The analysis of Fuchs's claims properly begins with a determination of whether Fuchs has a property interest in his place on the priority lists. In its opinion, the district court concluded that Fuchs does not have a "sufficient property interest in his position on the lists in question to raise a constitutional question, or a question of notice." As support, the district court cited this Court's ruling in *Crazy Horse, Inc. v. Pearce*. 98 Idaho 762, 572 P.2d 865 (1977). "[T]he selling of intoxicating liquor is a proper subject for control and regulation under the police

6

power. It is likewise universally accepted that no one has an inherent or constitutional right to engage in a business of selling or dealing in intoxicating liquors." *Id*. at 765, 572 P.3d at 868.

To determine whether a property interest exists, this Court has adopted the language from the United States Supreme Court's holding in *Board of Regents v. Roth*. 408 U.S. 564 (1972).

> The United States Supreme Court has noted that property interests are created . . . by existing rules, . . . such as state law. Likewise, this Court has indicated that determination of whether a particular right or privilege is a property interest is a matter of state law. Further, determining the existence of a liberty or property interest depends on the construction of the relevant statutes, and the nature of the interest at stake. Hence, whether a property interest exists can be determined only by an examination of the particular statute or ordinance in question.

*Maresh,* 132 Idaho at 226, 970 P.2d at 19 (internal cites and quotations omitted).

As pointed out by the district court, Fuchs had no vested rights in his place on the priority list. *See Crazy Horse, Inc.* 98 Idaho at 765, 572 P.2d at 868 (holding that a liquor license is a privilege and not a right, but also holding that the licensing procedure cannot be administered arbitrarily.). This Court has consistently held that:

> Instead of a protected property right, [a] liquor license is simply the grant or permission under governmental authority to the licensee to engage in the business of selling liquor. Such a license is a temporary permit to do that which would otherwise be unlawful; it is a privilege rather than a natural right and is personal to the licensee; it is neither a right of property nor a contract, or a contract right.

*Alcohol Beverage Control v. Boyd*, 148 Idaho 944, 947, 231 P.3d 1041, 1044 (2010) (quoting *BHA Inv., Inc. v. State*, 138 Idaho 348, 354–55, 63 P.3d 474, 480–81 (2003)).

Article III, section 26, of the Idaho Constitution provides that "the legislature of the state of Idaho shall have full power and authority to permit, control and regulate or prohibit the manufacture, sale, keeping for sale, and transportation for sale, of intoxicating liquors for beverage purposes." Only the legislature can create a property interest in a liquor license, and a search of the statutes provides no hint of such a provision. As an administrative agency in the executive department, ABC has no authority to create a property interest by virtue of an administrative rule.

While IDAPA 11.05.01.013.04 may have gone through the legislative review process, it still cannot create a property right. There can be no property interest in a place on a priority list without proper legislative action, which does not exist in this instance. Since the July 24, 2009 letter from ABC did not create, enlarge, diminish or destroy a property interest, we find that the letter is an appropriate application of a remedial agency policy. Additionally, this Court has held

7

that "only after a court finds a liberty or property interest will it reach the next step of analysis, in which it determines what process is due." *Maresh*, 132 Idaho at 226, 970 P.2d at 19 (citing *Schevers v. State*, 129 Idaho 573, 575, 930 P.2d 603, 605 (1996)). And that "the requirements of procedural due process apply only to the deprivation of interest encompassed by the Fourteenth Amendment's protection of liberty and property." *Id.* (quoting *Roth*, 408 U.S. at 569). Therefore, we decline to go further in addressing Fuchs's claims on appeal.

## C. ABC is not entitled to attorney fees and costs from below and on appeal under I.C. § 12-117 and I.A.R. 35(b)(5).

ABC argues that it is entitled to attorney fees and costs below and on appeal under I.C. § 12-117 and I.A.R. 35(b)(5), because Fuchs sought appellate review without a reasonable basis in fact or law. ABC believes that this Court has given well settled direction in this area, and that Fuchs's arguments are untenable. Idaho Code section 12-117 states, *inter alia*, that:

> [I]n any administrative proceeding or civil judicial proceeding involving as adverse parties a state agency or political subdivision and a person, the state agency or political subdivision or the court, as the case may be, shall award the prevailing party reasonable attorney's fees, witness fees and other reasonable expenses, if it finds that the nonprevailing party acted without a reasonable basis in fact or law.

Here, the issue of whether an applicant on a priority list for a liquor license has a property interest is one of first impression for this Court. "A party is not entitled to attorney's fees if the issue is one of first impression in Idaho." *Lane Ranch P'ship v. City of Sun Valley*, 145 Idaho 87, 91, 175 P.3d 776, 780 (2007) (citing *SE/Z Const., L.L.C. v. Idaho State Univ.,* 140 Idaho 8, 14, 89 P.3d 848, 854 (2004)). Therefore we deny ABC's request for attorney fees below and on appeal.

## V. CONCLUSION

We find that Fuchs did not have to exhaust his administrative remedies because none existed. We also affirm the holding of the district court that Fuchs does not have a property interest in his place on the priority lists, since the legislature has not created such an interest and ABC does not have the authority to create such an interest.

We deny ABC's request for attorney fees below and on appeal because this is an issue of first impression.

Justices EISMANN, J. JONES, W. JONES and HORTON, **CONCUR.**