**IN THE SUPREME COURT OF THE STATE OF IDAHO**
**Docket No. 39690**

| | |
|---|---|
| BV BEVERAGE COMPANY, LLC, an Idaho limited liability company, ) | Boise, June, 2013 Term |
| Petitioner-Appellant, ) | 2013 Opinion No. 129 |
| v. ) | Filed: December 4, 2013 |
| THE STATE OF IDAHO, DEPARTMENT OF IDAHO STATE POLICE/ALCOHOL BEVERAGE CONTROL, G. JERRY RUSSELL, in his official capacity as Director of Idaho State Police, ) | Stephen W. Kenyon, Clerk |
| Respondent. ) | |

Appeal from the district court of the Fourth Judicial District of the State of Idaho, Ada County.  Hon. Michael Wetherell, District Judge.

The decision of the district court is <u>affirmed</u>.  Costs on appeal are awarded to Respondent.

Rainey Law Office, Boise, attorney for Appellant.  Rebecca A.  Rainey argued.

Hon. Lawrence G. Wasden, Idaho Attorney General, Boise, attorney for Respondent. Cheryl A. Meade argued.

_____

W. JONES, Justice

## I. NATURE OF THE CASE

This is an appeal of the district court's dismissal of BV Beverage Company, LLC's ("BV Beverage") petition for judicial review arising from the expiration of its liquor license. Idaho Alcohol Beverage Control ("ABC") contends that BV Beverage's interest in its license expired by operation of law when BV Beverage's lessee failed to timely renew. BV Beverage contends that the agency's procedures deprive it of adequate procedural due process. The district court dismissed BV Beverage's petition for judicial review because there was no agency action to review, but even if there was agency action, the action did not violate procedural due process

1

because BV Beverage had actual knowledge of the expiration date of the liquor license. BV Beverage appeals to this Court.

## II. FACTUAL AND PROCEDURAL BACKGROUND

In September 2007, BV Beverage purchased the liquor license in dispute in this matter. In November 2007, BV Beverage applied to lease the liquor license it purchased to Iggy's Restaurant ("Iggy's"). ABC issued a liquor license to BV Beverage on December 17, 2007, license number 4314. ABC subsequently issued Iggy's a liquor license on October 1, 2008. Iggy's renewed the liquor license in 2009. The liquor license was set to expire on September 30, 2010. This expiration date was printed on the face of the liquor license. ABC sent Iggy's the renewal forms on July 30, 2010, which were returned as undeliverable on August 4, 2010. ABC did not inform BV Beverage that the renewal forms had been returned as undeliverable. These renewal forms were not sent to BV Beverage.

On September 29, 2010, Iggy's sent BV Beverage a Release of Interest document—before the liquor license expired. This document was sent to BV Beverage but not ABC. This document informed BV Beverage that Iggy's was releasing its interest in the use of the license back to BV Beverage. BV Beverage notes that this document did not allow BV Beverage to renew the license but would be part of a transfer application of the license back to BV Beverage, which BV Beverage could have filed to have the license renewed in its name. But BV Beverage did not timely file to have that done.

ABC began proceedings to revoke Iggy's liquor license for failure to keep the license in actual use as required by IDAPA 11.05.01.10.02. At the request of BV Beverage, ABC agreed to stay the revocation proceedings on September 29, 2010, on the condition that BV Beverage work to put the license into actual use. The license expired at 1:00 AM on October 1, 2010, but there was an additional thirty-one day grace period in which BV Beverage could apply for renewal pursuant to I.C. § 23-908(1). BV Beverage negotiated with another restaurant to lease the liquor license. BV Beverage submitted the transfer application paperwork to ABC on January 7, 2011. On January 10, 2011, ABC rejected BV Beverage's lease application because the license had not been timely renewed and expired by operation of law.

BV Beverage filed a petition for judicial review in this matter on March 31, 2011. BV Beverage argued that it had a constitutionally protected property right in the liquor license it owned, which included the right to renew the license. BV Beverage argued that the renewal

procedures adopted by ABC, which did not afford it the opportunity to renew the license but required the lessee to renew the license, denied it minimal due process protections. On July 28, 2011, ABC requested dismissal of BV Beverage's petition for judicial review.

On November 15, 2011, the district court dismissed BV Beverage's petition for judicial review. The district court first ruled that there was no agency action in the instant case to review because ABC had no duties to perform in relation to the expiration of BV Beverage's liquor license except to process the application. The district court nonetheless concluded that BV Beverage had a property interest in the liquor license that was entitled to due process protections. However, the district court concluded that because BV Beverage knew of the expiration date of its liquor license but failed to inquire into the status of the renewal or pursue the process available to renew the license, its due process rights were not violated.

BV Beverage filed a petition for rehearing with the district court on December 6, 2011. The district court denied BV Beverage's petition for rehearing on January 17, 2012. BV Beverage filed its notice of appeal to this Court on February 14, 2012.

### III. ISSUES ON APPEAL

1. Whether the district court erred when it dismissed the petition for judicial review on the basis that there was no reviewable agency action within the meaning of the Idaho Administrative Procedures Act.

2. If so, whether the district court erred when it found that the owner of a liquor license has a constitutionally protected property interest requiring minimum procedural due process protections, and whether the procedures implemented by ABC provided BV Beverage adequate process.

### IV. STANDARD OF REVIEW

The constitutionality of a statute is a question of law, over which this court exercises free review. *Fuchs v. Idaho State Police*, 152 Idaho 626, 629, 272 P.3d 1257, 1260 (2012). "Where a district court acts in its appellate capacity pursuant to the Idaho Administrative Procedure Act (IDAPA), this Court reviews the agency record independently of the district court's decision." *Cooper v. Bd. of Prof'l Discipline of Idaho State Bd. of Med.*, 134 Idaho 449, 454, 4 P.3d 561, 566 (2000). The constitutionality of a statute is a question law, and the party challenging the constitutionality of a statute "must overcome a strong presumption of validity." *Olsen v. J.A. Freeman Co.*, 117 Idaho 706, 709, 791 P.2d 1285, 1288 (1990). This Court will seek an

interpretation of a statute that upholds its constitutionality if possible. *State v. Newman*, 108 Idaho 5, 13 n.12, 696 P.2d 856, 864 n.12 (1985).

**V. ANALYSIS**

**A.       There is no agency action permitting judicial review.**

The district court noted that because BV Beverage was the lessor of a liquor license that expired, it was an aggrieved party who could seek review of an agency action. However, the district court found that there was no agency action because Idaho law provides that a liquor license shall expire at 1:00 a.m. on the first day of the renewal month. With regard to the expiration of liquor licenses, the district court found that ABC has no duties to perform except to process applications for renewal. As such, it found that because ABC had no duties, the expiration is not an agency action and is not reviewable. The district court noted that even though there was no action, because ABC had no duties, there might be situations where ABC's conduct with regard to expirations could be an action that is reviewable.

BV Beverage argues that the district court erred in finding that there was no reviewable agency action because the agency failed to enact constitutionally adequate procedures that could have been used by BV Beverage to prevent its interest in the liquor license from expiring by operation of law. BV Beverage argues that the reviewable action of ABC is the agency's failure to enact procedures that allows BV Beverage as the owner of the liquor license to renew the license in its own right. BV Beverage equates the failure of ABC to enact provisions permitting BV Beverage to renew the liquor license in its own right to *Logan v. Zimmerman Brush Co.*, 455 U.S. 422, 432 (1982). BV Beverage contends that *Logan* provides that a state system that deprives a person of a constitutional right by operation of law is unconstitutional.

ABC argues that there was no reviewable agency action because Idaho law provides that a liquor license shall expire at 1:00 a.m. on the first day of the renewal month. ABC claims it had no duties but to process applications for renewal, and so the expiration of the license was not an action that was reviewable.

The Idaho Administrative Procedure Act provides that "[a] person aggrieved by final agency action other than an order in a contested case is entitled to judicial review. . . ." I.C. § 67-5270(2). Judicial review is available to aggrieved persons if they comply with I.C. §§ 67-5271 to 67-5279. I.C. § 67-5270(2). Idaho Code § 67-5279(3) provides that

> [w]hen the agency was required by the provisions of this chapter or by the other provisions of law to issue an order, the court shall affirm the agency action unless

4

the court finds that the agency's findings, inferences, conclusions, or decisions are: (a) in violation of constitutional or statutory provisions; . . . (c) made upon unlawful procedure . . . .

Agency decisions cannot be insulated from judicial review by a legislature "specif[ying] its own procedures that it may deem adequate for determining the preconditions to adverse official action." *Logan*, 455 U.S. at 432 (1982).

In *Logan*, the U.S. Supreme Court held that where a system deprives a person of a property right without adequate procedural safeguards, that system is unconstitutional. 455 U.S. at 432. In *Logan*, an agency failed to take certain action within a specified period of time resulting in the deprivation of an injured employee's right to sue his employer for unlawful termination. In that case, the state system required that before an employee could file a claim against his employer, a state commission was required to initiate an investigation within 120 days of the incident. *Id.* at 424. Failure of the commission to begin an investigation within that time would preclude the employee's action. *Id.* The U.S. Supreme Court held that the state system destroyed the plaintiff's property interest because the plaintiff was not able to sue under the system in place since the commission failed to timely conduct a fact-finding conference within the required 120 days. This failure of the commission had the effect of destroying plaintiff's property interest.

Here, the district court did not err when it concluded that there was no agency action. An agency action is "an agency's *performance* of, or *failure to perform*, any duty placed upon it by law." I.C. § 67-5201(3)(c) (emphasis added). By operation of Idaho liquor laws, "[a]ll licenses shall expire at 1:00 o'clock a.m. on the first day of the renewal month . . . ." I.C. § 23-908(1). A "licensee who fails to file an application for renewal of his [or her] current license on or before the first day of the designated renewal month shall have a grace period of an additional thirty-one (31) days in which to file an application for renewal of the license." *Id.* Liquor licenses therefore expire by operation of law, and ABC has no duties to perform except to process renewal applications. Here, unlike *Logan*, ABC did not fail to review a renewal application because BV Beverage did not submit an application until months after the grace period permitted by statute.

BV Beverage asserts that ABC had a duty to create a process whereby BV Beverage could renew its liquor license in its own right, but ABC failed to perform that duty and thus there is agency action. But unlike *Logan*, this is not a situation where the legislature insulated the non-renewal of a liquor license from judicial review. BV Beverage simply challenges the procedures

5

it would have been required to utilize if it tried to renew. The process implemented by ABC does not preclude judicial review because all BV Beverage would be required to do is submit an application for renewal. If that application was denied because BV Beverage used improper process, then there is an agency action that could be reviewed. Yet BV Beverage neither tried to renew the liquor license in its own right nor attempted to use the process that was clearly available to transfer the license from Iggy's back to BV Beverage and renew the license in its own right within the allotted period of time or the grace period. Idaho liquor laws did not prohibit BV Beverage from renewing its liquor license; thus judicial review is not precluded by legislation. BV Beverage simply failed to take timely action available to protect its interest and then complains without citing any authority or making any cogent argument that the available procedures were inadequate.

The district court did not err in granting ABC's motion to dismiss because there was no agency action to review. To the extent BV Beverage relies on *Logan* to argue that ABC failed to enact proper procedures to protect its alleged property right in its liquor license, this argument fails because there was procedure available to BV Beverage, which it simply failed to use to timely protect its interests. BV Beverage has entirely failed to provide argument and authority to establish impropriety or inadequacy of the procedures available to it to renew the license. We need not decide whether BV Beverage in fact has a property interest in its liquor license because it is undisputed that BV Beverage knew that its liquor license was about to expire and that its licensee, Iggy's, not only had not renewed it, but had given notice to BV Beverage that it was transferring its interest back to BV Beverage and was asserting no claim to it. Notwithstanding such knowledge, BV Beverage simply failed to take any action to obtain renewal of the license until long after it and the grace period had expired. The fact that BV Beverage took steps to renew the license after the deadline indicates that it knew there was a procedure available and in fact attempted to use it, but BV Beverage offers no explanation why it failed to do so in a timely manner. This case amounts to nothing more than the failure of BV Beverage to exercise diligence in protecting its own interest by now claiming for some unexplained reason the procedures available to it were somehow inadequate or unconstitutional.

## VI. CONCLUSION

The district court's dismissal of BV Beverage's Petition for Judicial Review is affirmed. Neither party requested attorney fees on appeal. Costs are awarded to ABC.

6

Chief Justice BURDICK, Justices EISMANN, J. JONES and HORTON, CONCUR.