IN THE SUPREME COURT OF THE STATE OF IDAHO
Docket No. 43158

SEÑOR IGUANA'S, INC., MARCIA E. CORONA, )
)
)
Petitioners-Appellants, )
)
v. )
)
IDAHO STATE POLICE BUREAU OF ALCOHOL BEVERAGE CONTROL, )
)
)
Respondent. )
)

Boise, April 2016 Term

2016 Opinion No. 54

Filed: May 3, 2016

Stephen W. Kenyon, Clerk

Appeal from the District Court of the Sixth Judicial District, State of Idaho, Bannock County. Hon. Robert C. Naftz, District Judge.

District court order upholding cancellation of liquor license, <u>affirmed.</u>

Racine, Olson, Nye, Budge & Bailey, Chtd., Idaho Falls, for appellants. Brent Whiting argued.

Hon. Lawrence G. Wasden, Idaho Attorney General, Boise, for respondent. Stephanie A. Altig, Deputy Attorney General argued.

---

BURDICK, Justice

Señor Iguana's (Iguana's) appeals the Bannock County District Court's order upholding the Idaho State Police, Bureau of Alcohol Beverage Control's (ABC) order that cancelled Iguana's liquor license. The district court ruled that because Iguana's failed to pay the renewal fee before the end of the thirty-one day grace period, the license expired by operation of law under Idaho Code section 23-908(1). Iguana's contends that the license constituted a property right and that because the ABC failed to provide notice and a hearing before cancelling the license Iguana's was denied its constitutional and statutory rights. We affirm.

## I. FACTUAL AND PROCEDURAL BACKGROUND

Iguana's is a restaurant in Pocatello that has held a liquor license for approximately twelve years. On October 22, 2014, in accordance with Idaho Code section 23-908(1), Iguana's filed a renewal application with ABC, including a check written for the required renewal amount

1

of $800.00. After receiving the renewal application and the check written for the fee amount, but before the check cleared, ABC sent Iguana's a 2015 Retail Alcohol Beverage License. The 2015 License stated that it was valid from November 1, 2014, through October 31, 2015. On October 28, 2014, Iguana's check for the $800.00 in renewal fees was returned for "Not Sufficient Funds" (NSF). ABC learned the renewal fee check had been returned NSF on November 4, 2014. On November 6, 2014, ABC sent a certified letter, return receipt requested, addressed to "Señor Iguana's, Inc., 961 Hiline Road, Pocatello, ID 83201," advising Iguana's that their license renewal fee check was returned NSF. The letter also stated that if Iguana's failed to submit a money order or cashier's check in the amount of $800.00 by November 25, 2014, along with an additional separate money order or cashier's check in the amount of $20.00 to cover the handling fee, Iguana's license renewal application would be cancelled. United States Postal Service (USPS) tracking records indicate that because no authorized recipient for the certified letter was available, the USPS left notice at Iguana's on November 10, 2014, that the letter was available for pickup at the USPS facility in Pocatello. On November 26, 2014, the letter was still unclaimed at the USPS facility in Pocatello and was returned to ABC on December 3, 2014.

On December 10, 2014, ABC Detective H. Caldera served the Order to Cease and Desist and Notice of Cancelled Retail Alcohol Beverage License on Marcia Corona for Iguana's, and removed the 2015 license from the premises. That same day, Corona, on behalf of Iguana's, sent cashier's checks to ABC for the $800.00 renewal fee and for the $20.00 handling fee. On December 16, 2014, ABC returned the cashier's checks to Iguana's, explaining that the license had been cancelled due to non-renewal because the required renewal fee was not timely received.

On December 17, 2014, Iguana's filed a Petition for Judicial Review and a Motion to Stay in the Sixth Judicial District Court for the State of Idaho, in and for the County of Bannock. Argument was held on January 26, 2015, and on March 13, 2015, the district court entered its Memorandum Decision and Order and Judgment. In its Decision and Order the district court dismissed Iguana's Petition for Judicial Review and Motion to Stay, ruling that because Iguana's had failed to pay the required fee within the time frame allowed under Idaho Code section 23-908(1) the license expired by operation of law and notice and opportunity to be heard under Idaho Code section 67-5254(1) was not required. Iguana's timely appealed.

## II. STANDARD OF REVIEW

"Any final decision or order of the district court on judicial review of an agency decision is appealable as a matter of right. We are procedurally bound to affirm or reverse the decisions of the district court. When considering an appeal from a district court acting in an appellate capacity under the Idaho Administrative Procedures Act, this Court reviews the agency record independently of the district court's decision." *Flying "A" Ranch, Inc. v. Cnty. Comm'rs of Fremont Cnty.*, 157 Idaho 937, 939–40, 342 P.3d 649 651–52 (2015) (citations omitted) (internal quotation marks omitted).

## III. ANALYSIS

Iguana's contends that ABC violated the governing provisions of the Idaho Code by cancelling Iguana's liquor license without providing notice or an opportunity to be heard. ABC argues that notice and a hearing was not required because the liquor license expired by operation of law when Iguana's failed to timely submit payment of the required renewal fee. Iguana's also contends it has a property right in its liquor license and that ABC's actions deprived it of property without notice or opportunity to be heard in violation of the United States Constitution.

### A. Iguana's license expired by operation of law.

Iguana's contends that ABC cancelled its liquor license without following the appropriate procedures defined under the governing provisions of the Idaho Code. Specifically, Iguana's contends that under Idaho Code section 23-933(1) ABC was required to provide notice and a hearing before cancelling Iguana's license. ABC maintains that notice and a hearing were not required because Iguana's failed to submit sufficient funds with its renewal application and therefore the license expired by operation of law.

Idaho Code section 23-908(1) states in pertinent part:

> All licenses shall expire at 1:00 o'clock a.m. on the first day of the renewal month . . . . Renewal applications for liquor by the drink licenses accompanied by the required fee must be filed with the director on or before the first day of the designated renewal month. Any licensee holding a valid license who fails to file an application for renewal of his current license on or before the first day of the designated renewal month shall have a grace period of an additional thirty-one (31) days in which to file an application for renewal of the license. The licensee shall not be permitted to sell and dispense liquor by the drink at retail during the thirty-one (31) day extended time period unless and until the license is renewed.

3

Accordingly, under the statute, all licenses "expire at 1:00 o'clock a.m. on the first day of the renewal month." The expiration happens by operation of law. It requires no action by ABC or by the licensee. *BV Beverage v. State*, 155 Idaho 624, 628, 315 P.3d 812, 816 (2013) ("Liquor licenses therefore expire by operation of law . . . ."). If a licensee fails to file an application for renewal they are automatically granted "a grace period of an additional thirty-one (31) days." I.C. § 23-908(1). The grace period, however, does not extend the life of the previous year's license, as a licensee is not permitted to sell and dispense liquor during the thirty-one day period. *Id.* Rather, the grace period simply provides an extension of time in which the license, although having expired, may still be renewed. *Id.* If, however, the license is not renewed by submitting an application for renewal of the license "accompanied by the required fee" within the thirty-one day period, the licensee looses his privilege to renew his license under section 23-908(1) and must re-apply for a new license under the applicable code sections.

Here, the first day of Iguana's renewal month was November 1, 2014. The thirty-one day grace period ended on December 2, 2014. Iguana's did not submit the required fee until December 10, 2014. Although a renewal was submitted earlier on October 22, 2014, the fee was not paid. "[P]ayment by check is conditional and is defeated as between the parties by dishonor of the check on due presentment." I.C. § 28-2-511(3). Iguana's had the obligation to make timely payment of the required fee. Although ABC attempted to notify Iguana's that its check was returned NSF, ABC was under no obligation to do so. Having chosen to submit a check in payment of the fee, it was Iguana's obligation to make sure that there were funds in the account to pay the check upon presentment. Iguana's failed to do so. Accordingly, because Iguana's failed to timely submit the required fee, its license expired by operation of law on November 1, 2014. Similarly, having failed to submit the require fee before the end of the thirty-one day grace period, Iguana's, also by operation of law, lost its privilege to renew its license under section 23-908(1).

Iguana's attempts to make much of the fact that ABC issued a 2015 license after Iguana's submitted its renewal application and the NSF check. Having issued such a license, Iguana's argues that ABC was bound by Idaho Code section 23-933(1) to provide notice and a hearing before cancelling the 2015 license. Section 23-933(1) provides that ABC cannot revoke a license without following the procedures set forth in the Idaho Administrative Procedure Act. Section 67-5254(1) of that Act provides:

4

> An agency shall not revoke, suspend, modify, annul, withdraw or amend a license, or refuse to renew a license of a continuing nature when the licensee has made timely and sufficient application for renewal, unless the agency first gives notice and an opportunity for an appropriate contested case in accordance with the provisions of this chapter or other statute.

As discussed above, Iguana's did not make a "timely and sufficient application for renewal." Consequently, section 67-5254(1) does not apply. Therefore, ABC was not statutorily required to provide notice and an opportunity to be heard before cancelling the erroneously issued 2015 license. Having not timely paid the required fee, Iguana's was never in compliance with the requirements of Idaho Code section 23-908(1), and therefore the 2015 license was subject to cancellation. *See Henson v. Dep't of Law Enforcement*, 107 Idaho 19, 24, 684 P.2d 996, 1001 (1984).

We do not decide whether Iguana's had a property interest in its liquor license because it is undisputed that Iguana's failed to timely submit the required renewal fee. Having failed to meet the statutorily mandated requirements for renewal, the license, and any property interest Iguana's may or may not have had, expired by operation of law.

**B. Attorney fees and costs.**

Both parties claim attorney fees under Idaho Code section 12-117(1). Fees are mandated under section 12-117(1) when the "non-prevailing party acted without a reasonable basis in fact or law." Iguana's is the non-prevailing party. However, Iguana's did not act without reasonable basis in fact or law and we decline to award fees on appeal.

### IV. CONCLUSION

Because Iguana's did not tender the required renewal fee within the statutorily mandated time frame, its liquor license expired by operation of law. The district court is affirmed. Costs to Respondent.

Chief Justice J. JONES, EISMANN, HORTON and KIDWELL, Pro Tem, **CONCUR.**